Filed 1/17/14  P. v. Pitts CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058701 |
| v. | (Super.Ct.No. RIF10001643) |
| ANTHONY WAYNE PITTS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge. Affirmed.

Sheila O'Connor, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

### STATEMENT OF THE CASE

On June 21, 2010, a felony complaint charged defendant and appellant Anthony Wayne Pitts with two counts of unlawfully committing a lewd and lascivious act upon a

1

child under the age of 14 years under Penal Code[1] section 288, subdivision (a).  The complaint also alleged two prior offenses within the meaning of section 667, subdivision (b).

On January 4, 2011, defendant pled guilty to count 1.  Thereafter, the court sentenced defendant to the middle term of six years for count 1, suspended the execution of the sentence, and then imposed a formal probation period of 60 months with a number of probation conditions.  The court also dismissed count 2 and both prison priors.

On July 25, 2012, the probation department alleged that defendant violated term 30 of his probation—"[p]articipate and complete at your expense any counseling, rehabilitation/treatment programs deemed appropriate by the Probation Officer, and authorize release of information relative to progress."  Defendant admitted the violation.  The trial court continued defendant on probation with an additional requirement that defendant enroll in a counseling program within 30 days.

On March 15, 2013, the probation department again alleged that defendant violated two terms of his probation, terms 30 and 33.  Although probation terms 30 and 33 in the plea agreement differed from terms 30 and 33 in the court's minute order, the parties agreed that the allegations related to the same violation as the one in 2012, whether defendant attended his sex offender counseling program.

---

[1]  All statutory references are to the Penal Code unless otherwise specified.

At the hearing on April 26, 2013, the trial court found defendant in violation of probation, denied a further grant of probation, and executed the previously imposed but stayed state prison sentence of six years.

On May 7, 2013, defendant filed a timely notice of appeal.

## STATEMENT OF FACTS

In December 2012, Candace Martin, a therapist at the Counseling and Psychotherapy Center, received a referral from probation to provide services to defendant. Generally, the program is a 52-week program.

Ms. Martin met defendant on Friday, January 4, 2013, when he attended his first group session with her as his therapist. The group session had just been changed from Wednesdays to Fridays. She never saw defendant again until the hearing. She, however, had one telephone conversation with defendant. She told him that he needed to attend a group session; he agreed.

Ms. Martin's group sessions changed back from Fridays to Wednesday. Defendant never returned to her group. Ms. Martin was aware that defendant had attended a couple of other therapists' group sessions prior to her session. It was unclear the number of times defendant attended.

Defendant was aware that he was required to attend therapy as a probation requirement. He had started classes and attended a few sessions before he went to therapy with Ms. Martin. Defendant attended a therapy session with Ms. Martin but then both the date and time of the class changed.

3

Defendant informed the new instructor that he could not attend the new time and date because of his part-time job. He needed the job to pay for the classes. Defendant asked whether he could attend a night class; he was informed it was full.

Defendant had a difficult time attending the day classes because he could not take time off work. He was attempting to fix the conflict in schedule for the group session the day he appeared in court and was arrested. He believed that because he still had three years left in his probation that he had time to complete the class.

## ANALYSIS

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. On October 30, 2013, defendant filed a 14-page handwritten brief. In his brief, defendant essentially argues that he did not violate the terms of his probation and his counsel rendered ineffective assistance of counsel (IAC).

First, we address defendant's contention that he did not violate the terms of his probation. In short, defendant seems to be arguing that there is insufficient evidence to support the trial court's finding that he violated the terms of his probation.

The substantial evidence test is the proper standard for appellate review of a judgment following a probation revocation hearing where the appellant claims the

4

evidence was insufficient. (*People v. Kurey* (2001) 88 Cal.App.4th 840, 848.) In *Kurey*, the court limited its inquiry to considering whether, "upon review of the entire record, there is substantial evidence of solid value, contradicted or uncontradicted, which will support the trial court's decision." (*Ibid.*, fn. omitted.) Also, we afford great deference to the factual conclusions reached by the trial court; ordinarily, conflicting evidence will be resolved in favor of the judgment. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) We must defer to the trial court's conclusions regarding the credibility of the evidence. "Our role in considering an insufficiency of the evidence claim is quite limited. We do not reassess the credibility of witnesses [citation], and we review the record in the light most favorable to the judgment . . . ." (*People v. Olguin* (1994) 31 Cal.App.4th 1355, 1382.)

In this case, defendant contends that he could not continue attending counseling sessions to comply with his probation terms because the sessions were offered on days he had to work. Defendant discusses at length about the days/times the therapy sessions were offered and that he could not attend those sessions because of his work schedule. Defendant claims that he had to work to pay for the therapy sessions. The same explanations were given at the revocation hearing when defendant testified. Notwithstanding, the evidence is clear that defendant did not continue with his counseling session—as required by the terms of his probation. The fact that defendant had a conflict in his schedule because of his work schedule is irrelevant to this analysis. Defendant knew he needed to attend his counseling sessions; he did not attend.

The trial court, before revoking defendant's probation, stated: "And the record is replete with the fact that [defendant] has been told numerous times to complete the program. He came into this court in front of me. I explained to him the necessity of it, that he would go to jail if he did not complete the program. I gave him another opportunity [to] get enrolled and described to him the seriousness of it. [¶] He was granted probation January 4th, 2011. Not only has he only done about four classes total since January 4th, 2011, but he has paid not one dollar and one [cent], and he owes actual victim restitution of a thousand dollars. He's never paid a penny on his case. It appears that his idea of his case is, 'I have five years to do something, I'll get around to it.'"

The court went on to state: "Mr. Pitts, you don't have to have probation, and so we're just going to end it today, because you just don't get it. People tell you what to do. You know, Ms. Martin tells you what to do. I've told you what to do. Your previous counselor tells you what to do. [¶] The fact is, you just don't take it seriously. Your attitude is like, 'Whatever, I've got a job. Why are you guys bugging me? I can't get this done.' It's okay, you don't have to get it done then."

We agree with the court's analysis of the evidence. Defendant had ample opportunity to attend counseling sessions for the privilege of being on probation, instead of prison. The evidence was sufficient to support the trial court's conclusion that defendant violated the terms and conditions of his probation. (*People v. Kurey*, *supra*, 88 Cal.App.4th at pp. 848-849).

Next, we address defendant's IAC claim. In order to establish a claim of IAC, defendant must demonstrate, "(1) counsel's performance was deficient in that it fell

below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient representation prejudiced the defendant, i.e., there is a 'reasonable probability' that, but for counsel's failings, defendant would have obtained a more favorable result. [Citations.] A 'reasonable probability' is one that is enough to undermine confidence in the outcome. [Citations.]" (*People v. Dennis* (1998) 17 Cal.4th 468, 540-541, citing, among other cases, *Strickland v. Washington* (1984) 466 U.S. 668; accord, *People v. Boyette* (2002) 29 Cal.4th 381, 430.) Hence, an IAC claim has two components: deficient performance and prejudice. (*Strickland*, at pp. 687-688, 693-694; *People v. Williams* (1997) 16 Cal.4th 153, 214-215; *People v. Davis* (1995) 10 Cal.4th 463, 503; *People v. Ledesma* (1987) 43 Cal.3d 171, 217.) If defendant fails to establish either component, his claim fails.

When a claim of ineffective assistance is made on direct appeal, and the record does not show the reason for counsel's challenged actions or omissions, the conviction must be affirmed unless there could be no satisfactory explanation. (*People v. Pope* (1979) 23 Cal.3d 412, 426.)

In this case, defendant seems to contend that his counsel rendered IAC because counsel failed to inform defendant about what he needed to do to comply with the probation conditions, and because counsel failed to inform the court about all the reasons why he was not attending counseling sessions. We need not determine if defense counsel's actions fell below an objective standard of reasonableness because defendant cannot demonstrate that counsel's alleged deficient representation prejudiced him, i.e., there is a reasonable probability that, but for counsel's purported failings, defendant

7

would have received a more favorable result. (*People v. Dennis*, *supra*, 17 Cal.4th at pp. 540-541; *Strickland v. Washington*, *supra*, 466 U.S. at p. 687.)

Here, even if defense counsel allegedly failed to inform defendant about the importance of complying with his probation conditions, there is ample evidence in the record to show that both the trial court and the probation department made this requirement clear to defendant. Hence, there was no prejudicial effect from this alleged deficient representation. In fact, defendant was given a second chance. When the probation department filed its first allegation of violation of probation on July 25, 2012, defendant admitted violating the probation term that he "[p]articipate and complete at [his] expense any counseling, rehabilitation/treatment program deemed appropriate by the Probation Officer, and authorize release of information relative to progress." In the allegation, the probation officer wrote in detail how he informed defendant what he must do to comply with the probation terms. Instead of revoking probation and reinstating defendant's prison term, as recommended by the probation officer, the court gave defendant a second chance to comply. At the hearing, the court specifically told defendant that he had to enroll in counseling classes. Instead of taking advantage of this second chance, defendant decided that attending counseling classes was not a priority.

As to defendant's other IAC contention, we find that evidence of alleged difficulties faced by defendant in scheduling his counseling sessions was presented at the revocation hearing. The trial court acknowledged defendant's scheduling conflicts. However, the court believed that defendant failed to prioritize the importance of complying with probation terms: "The fact is, you just don't take it seriously. Your

8

attitude is like, 'Whatever, I've got a job.  Why are you guys bugging me?  I can't get this done.'"

Based on the above, we find that defendant cannot demonstrate that counsel's alleged deficient representation prejudiced him, i.e., there is a reasonable probability that, but for counsel's purported failings, defendant would have received a more favorable result.  (*People v. Dennis*, *supra*, 17 Cal.4th at pp. 540-541; *Strickland v. Washington*, *supra*, 466 U.S. at p. 687.)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI _____
                                                                                J.

We concur:

McKINSTER _____
                Acting P. J.

KING _____
                J.