Filed 11/14/14  P. v. Wade CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JEFFEREY LEE WADE,<br><br>    Defendant and Appellant. | G050014<br><br>(Super. Ct. No. R00292)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, W. Michael Hayes, Judge.  Affirmed.

Dawn S. Mortazavi, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We appointed counsel to represent Jefferey Lee Wade on appeal. Counsel filed a brief that set forth the facts of the case. Counsel did not argue against her client but advised the court she found no issues to argue on his behalf. Wade was given 30 days to file written argument on his own behalf. That time has passed, and he did not file a brief. Counsel filed a brief following the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436. The *Wende* court explained a *Wende* brief is one that sets forth a summary of proceedings and facts but raises no specific issues. Under these circumstances, the court must conduct an independent review of the entire record. When the appellant himself raises specific issues in a *Wende* proceeding, we must expressly address them in our opinion and explain why they fail. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124.) Here, Wade did not file a supplemental brief.

Pursuant to *Anders v. California* (1967) 386 U.S. 738, counsel provided the court with information as to one issue that might arguably support an appeal. Counsel questioned whether there was sufficient evidence to find Wade had violated his postrelease community supervision. We have reviewed the record in accordance with our obligations under *Wende* and *Anders,* and found no arguable issues on appeal. The judgment is affirmed.

FACTS

Orange County Deputy Probation Officer Rodney Grantham was assigned to provide Wade postrelease community supervision. Wade was indoctrinated regarding the terms and conditions of his postrelease community supervision. He was told he needed to notify his probation officer in advance of a change of residence and any anticipated change of residence. As part of his supervision, Grantham directed Wade to go to the Phoenix House Residential Drug Treatment Program (Phoenix House). Wade entered the program on December 20, 2013. Grantham visited Wade while he was in residence at the Phoenix House on January 6, 2014. After that date, Gratham was at the Phoenix House to see other parolees under his supervision but never saw Wade there.

On the afternoon of January 28, 2014, Grantham went to the residence address Wade had provided in his file and attempted to make contact with Wade. Grantham was not able to contact Wade at the residence. Grantham made no other attempts to contact Wade. After his indoctrination, Wade never notified Grantham of a change of address. On February 7, 2014, a warrant was issued for Wade's arrest based on the fact his whereabouts were unknown. On February 19, 2014, the arrest warrant was served by an out-of-county agency.

On March 3, 2014, Grantham filed a petition for revocation of postrelease community supervision. The petition alleged Wade violated his postrelease community supervision by failing to report a change of residence and traveling more than 50 miles from his residence without prior approval. The petition alleged Wade was discharged from Phoenix House and arrested by an out-of-county agency. On March 28, 2014, Wade denied the alleged violations.

On April 18, 2014, the trial court held a hearing on the allegations of Wade's violation of his postrelease community supervision. The court found Wade in violation and ordered him to serve 120 days in jail with credit for 118 days already served. Wade filed a timely notice of appeal.

DISCUSSION

Penal Code section 3455 authorizes a court, "[u]pon a finding that the person has violated the conditions of postrelease community supervision," to "[r]eturn the person to . . . community supervision with modifications of conditions, if appropriate, including a period of incarceration in county jail" (Pen. Code, § 3455, subd. (a)(1)), not to exceed 180 days (Pen. Code, § 3455, subd. (d)).

Postrelease community supervision is akin to a grant of probation. Accordingly, we are guided by the principles governing probation revocation hearings. The standard of proof in a probation revocation proceeding is proof by a preponderance of the evidence. Trial courts have broad discretion in determining whether probationers

3

have violated probation.  (*People v. Urke* (2011) 197 Cal.App.4th 766, 773.)  The substantial evidence test is the proper standard for appellate review of a judgment following a probation revocation hearing where the appellant claims the evidence was insufficient.  (*People v. Kurey* (2001) 88 Cal.App.4th 840, 848.)

The record reflects Wade was advised one of the terms of his community release was that he not change his residence without first notifying his probation officer.  Wade was ordered to reside at the Phoenix House.  He entered the program on December 20, 2013, and was last seen at the program on January 6, 2014.  In February, Wade was arrested by an out-of-county agency.  Wade failed to notify Grantham of his whereabouts after leaving the program.  Substantial evidence supports the court's finding Wade violated his postrelease community supervision.

In addition to considering the *Anders* issue noted by counsel, we have independently reviewed the record in accordance with our obligations under *Wende* and *Anders*.  We find no arguable issues on appeal.

DISPOSITION

The judgment is affirmed.

O'LEARY, P. J.

WE CONCUR:

BEDSWORTH, J.

FYBEL, J.

4