[No. B141119. Second Dist., Div. Two. Mar. 28, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
THOMAS JOSEPH KUREY, Defendant and Appellant.

**COUNSEL**

John D. Lueck for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Chung Mar and Michael W. Whitaker, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

## COOPER, J.—

### INTRODUCTION

Appellant challenges the finding of a probation violation for the violation of Penal Code section 311.11 on the grounds that the statute is unconstitutional, allowing conviction when the minor "appears" to be under age 18, that expert testimony of "apparent age" is inadmissible and that there is insufficient evidence that appellant knew the actors in the video clips were under 18. We affirm.

## STATEMENT OF FACTS[1]

Appellant, Thomas Joseph Kurey (Kurey) was charged with two counts of committing a lewd act upon the body of a child under the age of 14. (Pen. Code, § 288, subd. (a); counts 1 and 2).[2] On March 23, 1999, prior to the preliminary hearing, Kurey pled guilty to count 1 and count 2 was dismissed pursuant to a plea agreement. On April 30, 1999, imposition of sentence was suspended, Kurey was placed on five years' formal probation with various conditions of probation, including 270 days in the county jail, submission to search and seizure at any time of the day or night, by law enforcement or probation officer, and obey all laws and orders of the court.

On December 22, 1999, Orange County Sheriff Wade Walsvick went to Kurey's residence to evaluate Mr. Kurey as a section 290 registrant. Deputy Walsvick searched Mr. Kurey's computer, and discovered movie clips purchased from a commercial Web site, depicting young male and female individuals engaged in sexual activity. The password to the file containing the movie clips was "Incest is Best." Walsvick asked Kurey how old be believed the individuals in the films to be. Kurey responded that he hoped they were 18, but "I believe they are under 18." The discovery was reported to Kurey's probation officer who requested a probation violation hearing, alleging violation of section 311.11 subdivision (a) (possession of child pornography, a misdemeanor depicting a person under the age of 18 years personally engaging in and or simulating sexual conduct as defined in § 311.4, subd. (d)).[3]

The district attorney moved to revoke Kurey's probation. Kurey surrendered to the Pomona Court on or about January 28, 2000, at which time he denied a violation of probation. The matter was set for a hearing which commenced on April 13, 2000. Kurey filed a motion in limine seeking to exclude opinion evidence of the People's medical expert regarding the apparent age of the young males and females in the movie clips. Kurey

---

[1]There is no substantial disagreement between the parties regarding the facts of the case.

[2]Unless otherwise stated, all further statutory references are to the Penal Code.

[3]Section 311.11 subdivision, (a) provides: "Every person who knowingly possesses or controls any matter, representation of information, data, or image, including, but not limited to, any film, filmstrip, photograph, negative, slide, photocopy, videotape, video laser disc, computer hardware, computer software, computer floppy disc, data storage media, CD-ROM, or computer-generated equipment or any other computer-generated image that contains or incorporates in any manner, any film or filmstrip, the production of which involves the use of a person under the age of 18 years, knowing that the matter depicts a person under the age of 18 years personally engaging in or simulating sexual conduct, as defined in subdivision (d) of Section 311.4, is guilty of a public offense and shall be punished by imprisonment in the county jail for up to one year, or by a fine not exceeding two thousand five hundred dollars ($2,500), or by both the fine and imprisonment."

argued that "the [P]eople sought to interpret California Penal Code § 311.11 in an unconstitutional manner, in that the sole basis for the allegation the movie clips depict individuals under the age of 18, is **opinion evidence based on their appearance**, despite the specific representation that all models depicted on the site were over the age of 18." (Boldface in original.)

The probation revocation hearing continued on April 14, 2000. An evidentiary hearing was conducted with both the People and Kurey presenting testimony, including expert witnesses. The trial court found appellant in violation of his probation. He was given the low term of three years in state prison for count 1, and ordered to pay sex offender and restitution fines in the amount of $200 pursuant to section 290.3 and section 1202.4. The trial court also imposed and stayed a parole revocation fine of $200 pursuant to section 1202.45.

*Prosecution Evidence re: Age*

Jeanie Ming, a certified pediatric nurse practitioner who is part of the child abuse services team in Orange County, testified as an expert that several of the individuals in the video clips were under 18 years old. Using the Tanner Scale of physical development, Ming testified that based upon their lack of muscle development, their body stature and lack of body hair, three of the males depicted in the videos were between the ages of 14 and 16. Ming also testified that based on breast development, one of the females depicted in the video was less than 18 years old. Ming stated that she could not determine the true chronological age of the individual, but that 95 percent of individuals displaying these traits were under the age of 18.

*Defense Evidence re: Age*

The defense presented the testimony of Thomas E. Long, a medical doctor, with over 20 years' experience, specializing in emergency medicine. He prepared for the hearing by reading the reports prepared by the police officers, the report of Ms. Ming, and viewing the subject video clips.

Dr. Long testified that it is not medically possible to determine whether any of the persons depicted were under the age of 18. Dr. Long testified that the Tanner Scale utilized by Ms. Ming measures only physical maturation, and says nothing about chronological age. Dr. Long testified with respect to male participants, that in his practice he has seen literally hundreds of young

men with the same degree of maturation,[4] despite the fact they were over the age of 18. With respect to the youngest appearing female, "Evelyn," with a "breast maturation of Tanner 4," he testified that he has in his practice examined more than 100 women over the age of 18, but with her level of physical maturation or less. He believes a number of factors to be far more important to physical maturation, including genetic/family history, malnutrition, racial background, and mother's use of tobacco and drugs during pregnancy.

The court also received into evidence the published assertion by the Web site that all persons depicted on the site were over the age of 18.

## DISCUSSION

Kurey alleges that 1) the finding of a probation violation was unconstitutional; 2) evidence of "apparent age" should be restricted to that which is competent to establish *true chronological age*, 3) the trial court should have sustained appellant's objection to the testimony of Ms. Ming, and 4) the evidence was insufficient to show that Kurey had knowledge that the actors were under 18 years of age.

Kurey argues the application of section 311.11 is unconstitutional based on his interpretation of a Ninth Circuit opinion which held that portions of a federal statute, criminalizing possession of computer-generated material depicting minors in a sexually explicit fashion, were unconstitutional. Appellant argues that the Ninth Circuit case of *Free Speech Coalition v. Reno*[5] (*Free Speech*) supports his argument that "[i]t is . . . absolutely required that to prevail, the [P]eople 1) must produce evidence that the individuals depicted were in fact under the age of 18, not merely that they appear to be under the age of 18; and 2) [t]hat Appellant *knew* in fact they were under the age of 18." Kurey suggests that in *Free Speech*, the Ninth Circuit "analyzes a similar federal statute and finds it to be unconstitutional, based on [its] definition of child pornography based on appearance."

*Free Speech*[6] involved the extension of the federal Child Pornography Prevention Act of 1996 (CPPA) to criminalize "the generation of images of fictitious children engaged in imaginary but explicit sexual conduct."[7] In 1996 the Congress had expanded the CPPA to apply to the use of computer

---

[4]I.e., minimally developed muscle mass in the parenthesis of the thoracic cage and broadening of the shoulders, no axillary hair, and no facial or chest hair.

[5]*Free Speech Coalition v. Reno* (9th Cir. 1999) 198 F.3d 1083.

[6]The appellant in *Free Speech* was a trade association of businesses involved in the production and distribution of adult-oriented materials.

[7]*Free Speech, supra,* 198 F.3d at page 1086.

technology to produce pornography containing images that look like children. Rejecting this expansion of the scope of the CPPA, the court held "while such images are unquestionably morally repugnant, they do not involve real children nor is there a demonstrated basis to link computer-generated images with harm to real children. Absent this nexus, the law does not withstand constitutional scrutiny."[8]

Additionally *Free Speech* held the phrases " 'appears to be a minor' " and " 'convey[s] the impression' that the material is a minor engaged in explicit sexual activity" are vague and over broad and thus do not meet the requirements of the First Amendment. The reasoning being that "[t]he two phrases in question are highly subjective. There is no explicit standard as to what the phrases mean. The phrases provide no measure to guide an ordinarily intelligent person about prohibited conduct and any such person could not be reasonably certain about whose perspective defines the appearance of a minor, or whose impression that a minor is involved leads to criminal prosecution."[9]

*Free Speech* does not support appellant's position in the appeal. The *Free Speech* court stated that legislation "may serve its legitimate purpose in protecting children from abuse by prohibiting pornography actually involving minors."[10] Even if the depiction involves computer-generated images, the court stated "our holding demonstrates that if morphed computer images are of an identifiable child, the statute is enforceable because there is then the potential for harm to a real child."[11]

It is noteworthy that nowhere in its opinion did the court condemn a statutory construction similar to section 311.11. The California statute applies to the possession of material "the production of which involves the use of a person under the age of 18 years, knowing that the matter depicts a person under the age of 18 years personally engaging in or simulating sexual conduct." The California statute thus requires a real minor and also requires knowledge of minority on the part of the perpetrator. There is no constitutional infirmity in section 311.11 similar to that found in *Free Speech*.

■ Kurey argues that opinion evidence of "apparent age" is irrelevant to prove that the matter depicts a "person under the age of 18 years." Without identifying, other than a birth certificate, what type of evidence would qualify for proof, he argues that "[u]nless the appearance of minority is so

---

[8]*Free Speech, supra,* 198 F.3d at page 1094.
[9]*Free Speech, supra,* 198 F.3d at page 1095.
[10]*Free Speech, supra,* 198 F.3d at page 1096.
[11]*Free Speech, supra,* 198 F.3d at page 1094, footnote 7.

obvious as to be beyond any question or dispute, evidence should be limited to that which is competent to establish the **true chronological age** of the subjects depicted." (Boldface in original.)

This is simply not the law. Expert testimony is allowed on any subject where the witness has "special knowledge, skill, experience, training or education in a particular subject."[12] Here the testimony of both Ms. Ming and Dr. Long was regarding developmental factors beyond the normal experience and knowledge of the average fact finder. The age of the actors was an element of the offense and the testimony of the experts was relevant to the conclusion. Once the trial judge determined the experts had sufficient qualifications, they could testify. Once their testimony was received, it was then up to the fact finder to evaluate that testimony and give it the weight to which it was entitled.

Furthermore, there is no such thing as "incompetent" evidence. Evidence is either admissible or inadmissible. Evidence which is irrelevant, is inadmissible. The age of the actors in the video clips was a relevant and material fact. Proof of age, like proof of any other material fact, can be accomplished by the use of either direct or circumstantial evidence, or both. The testimony of the expert witnesses was direct evidence, both relevant and admissible.

Appearance evidence as proof of age has been received in prior California cases. In *People v. Montalvo*[13] the court discussed in dictum the proof necessary to satisfy the element of age, noting that it was not limited to documents of actual age. Instead, "[i]n every case such evidence [corporal appearances] should be accepted and weighed for what it may be in each case worth. In particular the *outward physical* appearance of an alleged minor may be considered in judging his *age*."[14]

In *People v. Castaneda*[15] the defendant was accused of incest with both his stepdaughter and natural daughter. On appeal one argument in his behalf was that the prosecution failed to present evidence that he was 10 years older than the victim: a required element of the offense. In deciding the issue, the jury had the testimony of both the stepdaughter and Castaneda that he was an adult when Marie was little more than a toddler. The jury also had "its own observations of Castaneda's relative age. Although such evidence may not amount to *conclusive* proof that he was 10 years her senior, it was assuredly

---

[12]CALJIC No. 2.80.

[13]*People v. Montalvo* (1971) 4 Cal.3d 328 [93 Cal.Rptr. 581, 482 P.2d 205, 49 A.L.R.3d 518].

[14]*People v. Montalvo, supra,* 4 Cal.3d at page 335.

[15]*People v. Castaneda* (1994) 31 Cal.App.4th 197 [36 Cal.Rptr.2d 844].

enough to permit the trier of fact to infer such, at least in the absolute absence of any contradiction by Castaneda."[16]

Even in *Free Speech* when discussing the "vagueness" arguments, the dissenting opinion discusses the following case authority: "With regard to the apparent age of the depicted individuals, the government can use the same type of objective evidence that it relied on before the CPPA went into effect. . . . *See e.g. United States v. Arvin,* 900 F.2d 1385, 1390 n.4 (9th Cir.1990) (citing a jury instruction that requires the members of the jury to decide whether the prepubescent girls are 'minors' based upon their own 'observation of the pictures') . . . . *In cases in which the depicted children have reached puberty, the government can call expert witnesses to testify as to the physical development of the depicted person . . . .*"[17]

Appellant's position is based on the following logical error. He argues the *Free Speech* analysis that criminalizing material depicting a person who "appears to be" a minor is the same thing as using expert evidence of "apparent age" as proof of the material fact of minority. This is a flawed comparison. The California statute requires that the person depicted actually be under the age of 18, not that they just appear to be. In order to convict an individual of a violation of section 311.11, the jury must be convinced beyond a reasonable doubt of the victim's minority status. Apparent age and actual appearance are simply forms of evidence allowable for proof of this fact. We agree that the questionable phrase "[c]onveys the impression" is unconstitutionally vague, but this language is nowhere to be found in the California statute.

■ Kurey's last argument is there was insufficient evidence of his knowledge of minority as required by the language of the statute. ■ Here, where the trial court was required to resolve conflicting evidence, review on appeal is based on the substantial evidence test.[18] Under that standard, our review is limited to the determination of whether, upon review of the entire record, there is substantial evidence of solid value, contradicted or uncontradicted, which will support the trial court's decision.[19] In that regard, we give great deference to the trial court and resolve all inferences

---

[16]*People v. Castaneda, supra,* 31 Cal.App.4th at page 203.
[17]*Free Speech, supra,* 198 F.3d 1083, 1103 (dis. opn. of Ferguson, J.), italics added.
[18]*Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 873-874 [197 Cal.Rptr. 925].
[19]*Bowers v. Bernards, supra,* 150 Cal.App.3d 870, 873-874.

and intendments in favor of the judgment.[20] Similarly, all conflicting evidence will be resolved in favor of the decision.[21]

In the case at bar, the trial judge had his own observations of the video clips as well as the expert testimony of Ms. Ming. This constituted substantial evidence that the persons depicted were in fact under the age of 18.

 To prove that Kurey had knowledge that the matter depicted a person under the age of 18 years personally engaging in or simulating sexual conduct, in addition to the above evidence, the trial judge also had the testimony of the investigator that when asked how old he believed the subjects on the video to be, appellant answered that he hoped they were 18; but "I believe they are under 18." The burden of proof in a probation revocation hearing is a preponderance of the evidence. Kurey's own statement is sufficient to prove that he had knowledge of the minority status of the actors in the video clips he possessed.

## DISPOSITION

The order of the trial court is affirmed.

Nott, Acting P. J., and Todd, J., concurred.

---

[20]*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193].
[21]*Denham v. Superior Court, supra,* 2 Cal.3d 557, 564.