Filed 7/30/14  In re J.B. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re J.B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | C074754 |
| Plaintiff and Respondent, | (Super. Ct. No. JV129980) |
| v. | |
| J.B., | |
| Defendant and Appellant. | |

The minor J.B. appeals from the trial court's order continuing him as a ward of the court and committing him to a placement facility after finding he violated probation.  The minor contends insufficient evidence supports the trial court's finding he violated probation.  We conclude substantial evidence supports the probation violation and affirm the judgment.

1

FACTS AND PROCEDURAL HISTORY

In October 2010, the minor (DOB: November 1996) was declared a ward under Welfare and Institutions Code section 602[1] after he admitted felony violations of Penal Code section 487 (grand theft) and Health and Safety Code section 11350 (possession of a controlled substance) in two separately filed petitions. The court released the minor to his mother's custody.

In January 2012, the minor was continued as a ward after he admitted a misdemeanor violation of Penal Code section 148.9 (providing false information to an officer). The court released the minor to his mother's custody.

A fourth petition filed July 19, 2013, pursuant to section 602 alleged the minor unlawfully possessed a concealable firearm (Pen. Code, § 29610) and unlawfully possessed a firearm without the manufacturer's identification mark, a misdemeanor (Pen. Code, § 23920), and he was a prohibited person in possession of a firearm (Pen. Code, § 29815, subd. (a)).

On the same day, a notice of hearing on a violation of probation was filed pursuant to section 777 alleging the minor possessed or controlled a dangerous weapon or he had knowingly remained in a building where a person unlawfully had a dangerous weapon, in violation of condition number 5 (count one),[2] he failed to keep the probation officer informed of his location and telephone number, in violation of condition number 13(c) (count two), and he failed to be at the home of the person who had custody of him between 10:00 p.m. and 6:00 a.m., in violation of condition number 13(i) (count three).

---

[1]    Undesignated statutory references are to the Welfare and Institutions Code.

[2]    Condition 5 provided: "Not own or have any dangerous or deadly weapons in his possession nor knowingly remain in any building or vehicle where any person unlawfully has such a weapon nor knowingly remain in the presence of any unlawfully armed person, and not own or possess any item that a reasonable person would mistake for a real firearm."

On July 24, 2013, the trial court, on the People's motion, dismissed the fourth petition and the probation violations in counts two and three of the notice of hearing. After a contested hearing on the probation violation alleged in count one of the notice of hearing, the court found the allegation to be true. The facts adduced at the hearing are as follows.

About 1:00 p.m. on June 18, 2013, Officer Darby Lannom and other officers conducted a search at 4320 12th Avenue where Officer Lannom believed the minor's mother lived. The minor's mother was on searchable probation. No one was present when the officers arrived. A search of the detached garage revealed dead marijuana plants and, stacked in a corner, furniture, including a desk. A search of the top drawer of the desk revealed a loaded .40-caliber semiautomatic handgun. The handgun was seized. A search of the house revealed a digital scale, empty nine-millimeter ammunition boxes, male clothing similar in size to the minor, baby items, some female clothing, a video game, and a mattress.

About 5:45 p.m. the same day, Officer Lannom returned to the house where he found the minor and Deshon McDaniels, the homeowner, talking in front of the house. The minor admitted he resided in the house, claimed he was the only one living in the house, and he had lived there for three weeks. He also claimed he had paid rent to McDaniels. The minor denied his mother lived in the house. The electrical utilities for the house were in the name of the minor's mother. The officer conducted another search of the house and found the minor's cell phone and his mother's food stamp (EBT) card.

The officer read the minor his rights pursuant to *Miranda*[3] and told the minor some "illegal items" had been found in the house. The officer intentionally did not mention the handgun because he wanted to see if the minor admitted knowledge of the

---

[3]     *Miranda v. Arizona* (1996) 384 U.S. [16 L.Ed.2d 694].

3

gun. The minor then stated on his own he did not know anything about the gun in the garage, disclaiming ownership of the gun, and denying any knowledge of the owner of the gun. When confronted with the fact the minor had mentioned the gun on his own, the minor changed his demeanor, appearing to recognize he had made a mistake in admitting knowledge of the presence of the gun. The minor did not reveal to whom the gun belonged. The minor claimed he never touched the gun.

McDaniels testified he owned the house that was searched, and during June 2013 the minor had rented the property. McDaniels did not have a written agreement with the minor. McDaniels explained the minor's brother had been living at the house and, when he moved out in May 2013, the minor took over the property and gave $400 in cash to McDaniels. McDaniels had never rented the property to the minor's mother. McDaniels noted the house had a detached garage with a driveway on the left leading to the garage.

The trial court took judicial notice of special condition number 5 and found the violation of probation to be true. At a subsequent hearing, the court ordered the minor continued as a ward of the court and committed him to a "Level A" placement facility.

DISCUSSION

Section 777 provides in relevant part: "An order changing or modifying a previous order by removing a minor from the physical custody of a parent . . . shall be made only after a noticed hearing. [¶] (a) The notice shall be made as follows: [¶] . . . [¶] (2) By the probation officer or the prosecuting attorney if the minor is a court ward or probationer under Section 602 in the original matter and the notice alleges a violation of a condition of probation not amounting to a crime. The notice shall contain a concise statement of facts sufficient to support this conclusion. [¶] . . . [¶] (c) The facts alleged in the notice shall be established by a preponderance of the evidence at a hearing to change, modify, or set aside a previous order." *In re Eddie M*. (2003) 31 Cal.4th 480 (*Eddie M.*) held section 777 may be used for all probation violations, including those in which the conduct that constitutes the violation amounts to a crime. (*Id.* at p. 502.)

4

A trial court has very broad discretion in determining a probation violation, and only in an extreme case should we interfere with the discretion of the trial court. (*Eddie M., supra,* 31 Cal.4th at pp. 505-506; *People v. Rodriguez* (1990) 51 Cal.3d 437, 443.) On appeal, we consider "whether, upon review of the entire record, there is substantial evidence of solid value, contradicted or uncontradicted, which will support the trial court's decision[,] . . . giv[ing] great deference to the trial court and resolv[ing] all inferences and intendments in favor of the judgment. Similarly, all conflicting evidence will be resolved in favor of the decision." (*People v. Kurey* (2001) 88 Cal.App.4th 840, 848-849, fns. omitted.)

Here, the prosecution was required to prove by a preponderance of the evidence that the minor either possessed the gun or knowingly remained in the home where another person unlawfully possessed the gun. Substantial evidence supports the conclusion the minor possessed the gun. Officers found the gun in the garage of the house where the minor was living. The minor admitted living in the house that included the garage and had paid rent that was confirmed by the homeowner. The minor claimed he lived alone in the house. Inside the house, officers found the minor's cell phone and male clothing similar in size to the minor. The minor admitted knowing about the gun in the garage. The record supports the conclusion the minor had dominion and control over the property that included the garage where the gun was found. (*People v. Jenkins* (1979) 91 Cal.App.3d 579, 584.)

Substantial evidence also supports the conclusion the minor knowingly remained in the home where another person unlawfully possessed the gun. Again, the minor admitted knowing about the gun in the garage. The minor remained in the house despite knowing about the gun. Based on the officer's testimony he had found "illegal" items during the search and the gun was seized, the trial court could infer the gun was not lawfully possessed.

In sum, we conclude the record supports the trial court's finding the minor violated probation.

DISPOSITION

The judgment is affirmed.

                                    HOCH     , J.

We concur:

HULL      , Acting P. J.

MURRAY , J.