Filed 10/28/14  P. v. Woods CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANTHONY D. WOODS,<br><br>    Defendant and Appellant. | B255078<br><br>(Los Angeles County Super. Ct.<br> No. NA094564) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Tomson T. Ong, Judge.  Affirmed.

Doreen B. Boxer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On March 6, 2013, defendant and appellant entered no contest pleas to nine felony charges of various controlled substances offenses and admitted serving six prior prison terms. Defendant was sentenced to 19 years in state prison, with execution of sentence suspended, and probation granted upon terms and conditions including that defendant obey all laws, submit to search and seizure by law enforcement officials, and not possess any controlled substance without a valid prescription.

Defendant was arrested after being released on probation. The trial court held a formal probation violation hearing. After the hearing, the court found defendant in violation of probation, and executed the suspended 19-year state prison sentence. Defendant filed a timely notice of appeal.

This court appointed counsel to represent defendant on appeal. Appointed counsel filed a brief raising no issues, but requested this court to independently review the record for arguable contentions pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Defendant was advised by letter from this court of his right to file a supplemental brief within 30 days.

Defendant filed a letter brief with this court in which he argues as follows: (1) the appeal should be continued and moved "to the next level;" (2) a writ of habeas corpus should be filed so he can get back into court to get a fair hearing; (3) the officers who testified at the probation violation hearing gave conflicting testimony; (4) one of the officers also gave conflicting testimony at defendant's preliminary hearing after charges were filed following defendant's new arrest; (5) there was tampering with the evidence; (6) it was not right to allow an officer to sit in court while the criminalist testified at the probation violation hearing; and (7) counsel was ineffective and did not come to visit defendant to find out what happened.

We have completed our independent review of the record and find no arguable appellate contentions. Two peace officers and a criminalist testified at the probation violation hearing. The officers testified to stopping the vehicle driven by defendant because it did not have license plates. Defendant said he was on probation with search and seizure conditions. A search of defendant's pocket lead to discovery of a bindle

2

containing a white powder, which defendant claimed was crushed Viagra, but the duly qualified chemist concluded it was .07 grams of a substance containing methamphetamine. Defendant did not testify or present other witnesses at the probation violation hearing.

We have examined each of defendant's claims. None of the contentions warrant reversal on appeal. Whatever minor discrepancies existed in the testimony of the officers do not undermine the conclusion that the trial court had reason to believe defendant was in violation of probation. Resolution of conflicts in the evidence is left to the trial court and is not a basis for reversal of a finding otherwise supported by substantial evidence. (*People v. Kurey* (2001) 88 Cal.App.4th 840, 848-849.) The sentence imposed was consistent with the law. The claims of ineffective assistance of counsel and tampering with the evidence find no support in the appellate record. Defendant is, of course, free to pursue relief by petition for writ of habeas corpus if appropriate.

The judgment is affirmed. (*Smith v. Robbins* (2000) 528 U.S. 259.)


KRIEGLER, J.


We concur:


TURNER, P. J.


MOSK, J.

3