Filed 12/11/14  Estate of Bevacqua CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| Estate of JOE BEVACQUA, Deceased. | |
| GUADALUPE FERNANDEZ DE GUTIERREZ, | E059207 |
| Petitioner and Respondent, | (Super.Ct.No. PROPS1200012) |
| v. | OPINION |
| MERCEDES SANCHEZ, | |
| Objector and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Cynthia Ann Ludvigsen, Judge.  Affirmed.

Mercedes Sanchez, in pro. per., for Objector and Appellant.

Robbins & Holdaway, Richard E. Holdaway and Diane E. Robbins for Petitioner and Respondent.

1

I

INTRODUCTION

This case arises from a probate court contest over two competing wills. In 2009, Joe Bevacqua executed a will prepared by his attorney (2009 will). Bevacqua's neighbor and friend, respondent Guadalupe Fernandez de Gutierrez (Fernandez) was named as executor and sole beneficiary. Following Bevacqua's death, his live-in caregiver, appellant Mercedes Sanchez, produced a will allegedly executed by Bevacqua in 2010 (2010 will), giving everything to Sanchez. Fernandez challenged the validity of the 2010 will on grounds of fraud and undue influence.

Sanchez appeals judgment entered following a bench trial, in which the trial court found that the 2010 will was a forgery, ordered the 2010 will stricken, and reinstated Fernandez as executor and sole beneficiary under the 2009 will. Sanchez contends Fernandez improperly evicted her from Bevacqua's residence in violation of Sanchez's constitutional due process rights. Sanchez also contends the trial court erred in finding the 2010 will was a forgery. We conclude Sanchez has not established any error and affirm the judgment.

II

FACTS AND PROCEDURAL BACKGROUND

Since Sanchez, who is a self-representing litigant, did not properly arrange for this court to receive a reporter's transcript of the lower court proceedings, there is no trial evidence before this court. Sanchez did not fill out section 5, subdivision (b), of her

2

notice designating record on appeal, filed on August 8, 2013, which identifies the proceedings, location, dates of the reporter's transcripts requested to be included in the record on appeal. As a consequence, a reporter's transcript was not prepared and provided to this court as part of the record on appeal.

Even assuming there is a reporter's transcript of the trial proceedings, Sanchez does not cite the reporter's transcript in her appellate opening brief. Fernandez apparently has a copy of the reporter's transcript of the bench trial, since she cites to it in her appellate respondent's brief. But since we do not have a copy of the reporter's transcript, we will disregard all reference to evidence cited in the reporter's transcript. The following brief summary of the facts and court proceedings is based solely on facts contained in the clerk's transcript.

Bevacqua was an elderly widower living on a large parcel of land in a small house. He was reliant on Sanchez and her family for food, housekeeping services, and care. On December 9, 2009, Bevacqua executed a will, leaving his entire estate to his sole heir, Fernandez. Fernandez's name was also on Bevacqua's bank account. The will was prepared by Bevacqua's attorney and close friend, Evan Ginsburg.

On January 9, 2012, Sanchez, who was Bevacqua's live-in caretaker for at least two years before his death, filed a petition re: probate of will and for letters testamentary, regarding a will purportedly executed by Bevacqua on December 23, 2010, leaving his entire estate to Sanchez. The 2010 will was prepared by Sanchez and her "cousin/niece," and witnessed by Sanchez's friends.

3

In January 2012, Fernandez filed a petition for probate of will and letters testamentary and a notice of petition to administer estate. Sanchez filed an objection to Fernandez's letters of administration.

In February 2012, the trial court heard Fernandez's petition. The parties stipulated to appointing Fernandez special administrator for purposes of managing the property pending issuance of letters of general administration. Fernandez was also appointed personal representative. In April 2012, the court appointed Fernandez special administrator of the estate and issued letters of special administration.

On July 17, 2012, the three-day probate trial on the will contest began. Fernandez and Sanchez testified at trial. Witnesses Joshua Arce, Nancy Collins, Carlos Palencias Muralles, Carolina Sanchez Gonzalez, James Helms, Ramon Ismael Briceno, and Dina Collins also testified. Expert witness, Dr. Laurie Hoetzel, testified for Fernandez, and expert witness, Mark Songer, testified for Sanchez.

After the three-day bench trial in July, the trial court issued a notice of intended decision on August 7, 2012, which initially was not served on Fernandez due to a clerical error. The trial court granted Sanchez's petition for probate of the 2010 will and ordered Sanchez appointed personal representative and administrator. The court also issued letters testamentary in September 2012. Fernandez remained special administrator over the estate property.

In December 2012, Fernandez filed a motion for order reopening trial, which was heard on April 2, 2013. During the hearing on the motion to reopen trial, Fernandez

4

presented new evidence consisting of testimony by Ginsberg, which refuted Sanchez's contention that Bevacqua threw out the 2009 will and replaced it with the 2010 will because he was angry with Fernandez for listing his real estate for sale without his consent. Ginsberg testified there was never an actual listing of Bevacqua's property. Bevacqua had gone to Ginsberg for assistance and was satisfied that Fernandez had nothing to do with the publication of information regarding his property on the Zillow website. Bevacqua indicated to Ginsberg that Bevacqua recognized that Sanchez had misled him in an attempt to alienate him from Fernandez's family. A declaration by Carmina Gutierrez confirmed this account. The matter was taken under submission.

On April 11, 2013, the court denied Fernandez's motion for order reopening trial on the ground Fernandez had not established why the proffered new evidence was not produced at trial. The court further found that the 2010 will, proffered by Sanchez, was a forgery. The court noted Nancy Collins testified Sanchez sought her help in assisting Bevacqua in executing a new will shortly before his death, and well after the date of the 2010 will. The court also found Sanchez procured the 2010 will, including dictating the terms of the will to someone who typed the will. The court concluded there was no evidence Bevacqua gave directions to the transcriber independent of Sanchez. Sanchez therefore was the drafter of the 2010 will and the will was presumed a product of undue influence under Probate Code section 21380, subdivision (a)(1).[1]

---

[1] All further statutory references are to the Probate Code unless otherwise stated.

Sanchez filed a motion for reconsideration of the April 11, 2013 ruling, which the trial court denied. Sanchez also filed objections to the trial court's proposed judgment and statement of decision.

On July 8, 2013, the trial court entered judgment, finding and ordering the following: Bevacqua's 2010 will was a forgery, and it was conclusively presumed to be a product of fraud or undue influence under section 21380, subdivisions (a) and (c); the August 22, 2012 order appointing Sanchez executor of the 2010 will was vacated and the Letters Testamentary issued on September 17, 2012, were cancelled; and the court granted Fernandez's Petition for Probate of Will and Letters Testamentary regarding the 2009 will. Fernandez was appointed executor of Bevacqua's estate, with authorization to administer the estate under the Independent Administration of Estates Act (IAEA) (§ 10400 et seq.), with full powers. Sanchez was ordered to prepare an accounting for the time she acted as personal representative of Bevacqua's estate, and to return all property taken from Bevacqua's estate to Fernandez. The court denied all relief requested by Sanchez.

Sanchez filed a notice of appeal of the July 8, 2013 judgment.

III

EVICTION FROM BEVACQUA'S RESIDENCE

Sanchez contends her eviction from Bevacqua's residence violated her constitutional due process rights. Sanchez states in her appellate opening brief that she

was served with an eviction notice on September 23, 2013. This is a matter that occurred postjudgment and is not properly raised in this appeal. There is no evidence in the record on appeal because the eviction occurred after entry of the July 8, 2013 judgment, which is the subject of the instant appeal. Furthermore, this court cannot consider evidence or issues that were not before the trial court and are outside the record on appeal. Absent extraordinary circumstances, an appellate court will not examine evidence or issues never submitted to the trial court. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3; 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 334, p. 385.) No such extraordinary circumstances are present here.

In addition, there is no evidence in the record that Sanchez has any legal or equitable rights to Bevacqua's residence, from which she claims she was wrongfully evicted. Therefore Sanchez has not established any right to continue residing at Bevacqua's residence. Under the trial court's findings and judgment, Fernandez was entitled to the entirety of Bevacqua's estate under the 2009 will, as Bevacqua's sole heir. Eviction of Sanchez from property inherited by Fernandez therefore did not violate Sanchez's property rights, since she did not have any right to reside there.

IV

ORDER SETTING ASIDE THE 2010 WILL AS A FORGERY

Sanchez argues the trial court erred in finding the 2010 will was a forgery. She contends her due process rights were violated by the trial court misinterpreting and overlooking applicable law, and disregarding evidence favorable to Sanchez. Sanchez

7

notes there was conflicting expert testimony. She complains that the trial court relied on Fernandez's expert testimony even though Sanchez's expert was more qualified. In addition, Fernandez maintains there was no evidence refuting that the 2010 will was witnessed by two attesting competent witnesses. Sanchez asserts that the trial court was biased against her, based on the trial court requiring a bond when she was appointed administrator of the estate, whereas a bond was not required when Fernandez was appointed special administrator. Sanchez concludes this court should review the matter de novo because there is conflicting evidence which this court should consider in reviewing the will dispute.

We agree Sanchez's arguments, challenging the trial court's finding that the 2010 will was a forgery, are founded on factual determinations in which there were conflicting facts, but disagree the standard of review is de novo. Rather, the substantial evidence standard of review applies and we cannot reweigh the evidence. We are limited to determining whether there was substantial evidence supporting the trial court's factual findings. On appeal, we consider "whether, upon review of the entire record, there is substantial evidence of solid value, contradicted or uncontradicted, which will support the trial court's decision[,] . . . giv[ing] great deference to the trial court and resolv[ing] all inferences and intendments in favor of the judgment. Similarly, all conflicting evidence will be resolved in favor of the decision." (*People v. Kurey* (2001) 88 Cal.App.4th 840, 848-849, fns. omitted.) "The reviewing court does not act de novo . . . the trial court's determination . . . 'is entitled to *great weight*' because it is bound by the 'more

8

demanding test of *weighing conflicting evidence* than our standard of review under the substantial evidence rule . . . .' [Citation.] *All presumptions favor the trial court's determination . . ., and we review the record in the light most favorable to the judgment . . . .* [Citations.]" (*Fortman v. Hemco, Inc.* (1989) 211 Cal.App.3d 241, 259, italics added.)

Unfortunately, Sanchez has not provided this court with any evidence to review, since the record on appeal does not include the reporter's transcript. The clerk's transcript alone does not provide any basis for concluding the trial court's findings and judgment were not supported by substantial evidence.

Furthermore, there is a presumption under section 21380 that a will prepared by a caregiver or "care custodian," as defined by section 21362, subdivision (a),[2] is the result of fraud and undue influence. Section 21380 in relevant part provides: "(a) A provision of an instrument making a donative transfer to any of the following persons is presumed to be the product of fraud or undue influence: [¶] (1) *The person who drafted the instrument.* [¶] . . . [¶] (3) *A care custodian* of a transferor who is a dependent adult, but only if the instrument was executed during the period in which the care custodian

---

[2] "'Care custodian' means a person who provides health or social services to a dependent adult, except that 'care custodian' does not include a person who provided services without remuneration if the person had a personal relationship with the dependent adult (1) at least 90 days before providing those services, (2) at least six months before the dependent adult's death, and (3) before the dependant adult was admitted to hospice care, if the dependent adult was admitted to hospice care. As used in this subdivision, 'remuneration' does not include the donative transfer at issue under this chapter or the reimbursement of expenses." (§ 21362, subd. (a).)

provided services to the transferor, or within 90 days before or after that period.  [¶] . . . [¶]  (b) The presumption created by this section is a presumption affecting the burden of proof.  The presumption may be rebutted by proving, by clear and convincing evidence, that the donative transfer was not the product of fraud or undue influence.  [¶]  (c) Notwithstanding subdivision (b), *with respect to a donative transfer to the person who drafted the donative instrument, . . . the presumption created by this section is conclusive*."  (Italics added.)

There are exceptions under sections 21382 or 21384 to the section 21380 presumption but they do not apply here.  Under section 21382, "[s]ection 21380 does not apply to any of the following instruments or transfers:  [¶]  (a) A donative transfer to a person who is related by blood or affinity, within the fourth degree, to the transferor or is the cohabitant of the transferor.  [¶]  (b) An instrument that is drafted or transcribed by a person who is related by blood or affinity, within the fourth degree, to the transferor or is the cohabitant of the transferor."  Under section 21384, "(a) A gift is not subject to Section 21380 if the instrument is reviewed by an independent attorney who counsels the transferor, out of the presence of any heir or proposed beneficiary, about the nature and consequences of the intended transfer, including the effect of the intended transfer on the transferor's heirs and on any beneficiary of a prior donative instrument, attempts to determine if the intended transfer is the result of fraud or undue influence, and signs and delivers to the transferor an original certificate . . . ."

In the instant case, the exceptions under section 21382 do not apply because

10

Sanchez has not cited evidence on appeal refuting the trial court finding that Sanchez was Bevacqua's live-in caregiver and employee, and was not a cohabitant under section 21382. Also, the record indicates that, in response to requests for admission, Sanchez admitted there did not exist a section 21384 declaration excluding the 2010 will from the section 21380 presumption the 2010 will was the result of fraud and undue influence.

The Legislature's purpose in enacting section 21380 (formerly section 21350) was "'to prevent unscrupulous persons in fiduciary relationships from obtaining gifts from elderly persons through undue influence or other overbearing behavior.' [Citation.] In enacting the statute, the Legislature sought to strike a balance between 'protecting prospective transferors from fraud, menace, or undue influence, while still ensuring the freedom of transferors to dispose of their estates as they desire and reward true "good Samaritans."' [Citation.]" (*Estate of Winans* (2010) 183 Cal.App.4th 102, 113-114.)

Since Sanchez has not cited any evidence in the record on appeal rebutting the trial court's findings that the 2010 will was a forgery and the result of fraud and undue influence under the section 21380 presumption, this court must give deference to the trial court findings and affirm the judgment.

V

DISPOSITION

The judgment is affirmed. The parties shall bear their own costs.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

11

We concur:

McKINSTER
                    Acting P. J.


KING
                         J.