Filed 3/17/15  P. v. Sepetaio CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b).  This opinion has not been certified for publication or ordered published for purposes of rule 977.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PETERU SEPETAIO,<br><br>Defendant and Appellant. | B256277<br><br>(Los Angeles County<br>Super. Ct. No. NA095550) |

APPEAL from an order revoking the suspension of execution of sentence of the Superior Court of Los Angeles County, James B. Pierce, Judge.  Affirmed.

Jeffrey Lewis, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Peteru Sepetaio appeals following revocation of probation previously granted upon his plea of no contest to resisting an executive officer, with an admission he suffered three prior felony convictions for which he served separate prison terms.[1] (Pen. Code, §§ 69, 667.5, subd. (b).) The court revoked the suspension of execution of a previously imposed prison sentence of four years. We affirm the order revoking the suspension of execution.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Background.*

On June 21, 2013, appellant entered the above no contest plea and admission. On that date, the court sentenced appellant to prison for four years, suspended execution of sentence, and placed him on formal felony probation for three years on the condition, inter alia, he obey all laws. Appellant accepted his probation conditions.

A probation report dated March 10, 2014, alleges, inter alia, as follows. A condition of appellant's probation was that he obey all laws. On January 26, 2014, appellant battered Kevin Vargas, thereby violating appellant's probation. Appellant engaged in other unrelated conduct that violated various probation conditions.

2. *Probation Revocation Hearing Evidence.*

a. *People's Evidence.*

Viewed in accordance with the usual rules on appeal (*People v. Kurey* (2001) 88 Cal.App.4th 840, 848-849), the evidence presented at appellant's April 16, 2014 probation revocation hearing established as follows. Vargas had known appellant six years. In February 2014, Vargas was in a car on a Long Beach street. Appellant drove up, blocking Vargas's car. Vargas's aunt (later identified as Susan Saavedra) was in appellant's car.

---

[1]     The facts underlying appellant's offense of resisting an executive officer are not pertinent to this appeal, which is not from the June 21, 2013 no contest plea or order granting probation. It is sufficient to note the record reflects on April 30, 2013, appellant committed the offense against two Long Beach police officers.

Appellant exited his car and approached Vargas's car. Appellant opened a door to Vargas's car, removed Vargas's seat belt, and entered Vargas's car. Appellant, using profanity, repeatedly told Vargas to exit the car but Vargas refused. Vargas testified appellant gave Vargas a backhand slap across the face and said, "I know I was going to catch you sleeping, you fucking little bitch." Vargas also testified that prior to the above incident, he had sent appellant a text message that said, ". . . I should tell the people where you are. But because good thing I love my aunt and I wouldn't do . . . anything to hurt her." (*Sic*.)

Valerie Kane, appellant's probation officer, testified that on February 19, 2014, appellant spoke with Kane at the probation office. Appellant told Kane that appellant had knocked out the nephew of the mother of appellant's baby. Appellant was bragging to Kane about the incident. Kane, with the assistance of Long Beach police officers, took appellant into custody. Appellant was yelling and cursing at Kane and the assisting officers.

b. *Defense Evidence.*

In defense, Saavedra testified as follows. Saavedra was the mother of appellant's children. In January 2014, Saavedra was present during an incident involving appellant and Vargas. The day before that incident, Saavedra called Vargas about car problems she was experiencing. Vargas called appellant back and said, "Let me speak to my auntie, you asshole." Vargas sent appellant a text message indicating Vargas was going to send someone to the home to murder appellant. Appellant awakened Saavedra, told her about the message, and asked her why Vargas had sent it. Appellant sent a reply text indicating Saavedra, and Vargas's cousins, were in the home, and asking why Vargas sent his text.

On the day of the January incident, appellant and Saavedra were driving to a storage facility. Appellant became angry because Vargas had followed appellant and Saavedra. Appellant eventually approached Vargas. Saavedra later approached Vargas's car and heard appellant asking Vargas why he kept bothering appellant. Saavedra pulled appellant away from Vargas and told Vargas to leave. Saavedra did not see appellant backhand Vargas.

3

In defense, appellant denied backhanding Vargas. Appellant admitted telling Kane that appellant had punched Vargas, but appellant testified the incident was really an argument. Appellant also testified, "we was so close to each other to where . . . if I could . . . we was in a fight or I punched him. But it didn't happen that way." (*Sic*.) When talking with Kane, appellant embellished what had happened, was bragging about something he did not do, and thought Kane had been talking about an unrelated incident.

c. *Subsequent Proceedings.*

Following the presentation of evidence, the trial court, on April 16, 2014, found appellant in violation of probation based solely on the incident involving Vargas. On that date, the court also, in essence, revoked probation and revoked the suspension of execution of the previously imposed prison term of four years.[2] The court awarded presentence credit. On May 13, 2014, appellant filed a notice of appeal.

## CONTENTIONS

After examination of the record, appointed appellate counsel filed an opening brief which raised no issues and requested this court to conduct an independent review of the record.

By notice filed November 5, 2014, the clerk of this court advised appellant to submit within 30 days any contentions, grounds of appeal, or arguments he wished this court to consider. No response has been received to date.

## REVIEW ON APPEAL

We have examined the entire record and are satisfied counsel has complied fully with counsel's responsibilities. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-284; *People v. Wende* (1979) 25 Cal.3d 436, 443.)

---

[2] (*People v. Munoz* (1975) 51 Cal.App.3d 559, 562, fn. 1; Pen. Code, § 1203.2, subd. (c).)

4

*DISPOSITION*

The order revoking the suspension of execution of appellant's previously imposed sentence of four years in prison is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

KITCHING, Acting P. J.

We concur:

ALDRICH, J.

EGERTON, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.