Filed 4/1/15  P. v. Duran CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C076513 |
| Plaintiff and Respondent, | (Super. Ct. No. SF124372A) |
| v. | |
| GILBERT RAYMOND DURAN, | |
| Defendant and Appellant. | |

Defendant Gilbert Raymond Duran appeals the trial court's finding that he violated probation, contending there was insufficient evidence he willfully violated a restraining order.  We affirm the judgment.

**BACKGROUND**

Defendant is the father of Mary Dominguez's five children.  They have known each other since they were teenagers, and have been in an on-and-off relationship for 15 years.  In March 2013 a restraining order was in place, prohibiting defendant from going to Dominguez's apartment.  Defendant violated the restraining order, and while at

1

Dominguez's apartment, defendant pushed over her mother, Nellie Ramirez. Ramirez fell, hit her head on the ground, and sustained a serious head injury.

Defendant pleaded no contest to assault (Pen. Code, § 245, subd. (a)(4)),[1] admitted a great bodily injury enhancement (§ 12022.7, subd. (e)), and admitted he violated an existing restraining order (§ 273.6). The trial court suspended imposition of sentence and placed defendant on probation. The trial court also ordered defendant to stay 100 yards away from, and have no contact with, Ramirez and to stay away from her residence, vehicle, and place of employment. Among the terms and conditions of probation, defendant was also ordered to obey all laws and court orders, including the restraining order.

On February 5, 2014, the People filed an order to show cause as to why probation should not be revoked. The affidavit alleged a February 3, 2014, violation of section 273.5, subdivision (a) for corporal injury to Dominguez.[2] On March 12, 2014, the order to show cause was amended to allege additional violations of section 273.6 on September 5 and September 16, 2013. No victim was named.[3]

Ramirez testified she was not certain what had happened in September 2013 because of the concussion she sustained as a result of defendant's assault in March, but she indicated her statements to the police were accurate. Ramirez and Dominguez lived with each other off and on, in various apartments. Their apartments were very close to each other, in the same complex. She stated on September 5, 2013, defendant came to her home and knocked on her door. She told him to leave and he did. On September 16,

---

[1] Undesignated statutory references are to the Penal Code.

[2] The trial court found there was insufficient evidence to sustain this allegation.

[3] The trial court had terminated the criminal protective order as to Dominguez on July 1, 2013. Thus, the only existing order was as to Ramirez.

2013, he loudly knocked on her door at 3:30 a.m. and asked for her daughter. She called the police because she was afraid and there was a restraining order in place. Ramirez could not remember which specific apartment defendant came to, but at the time, she was staying with her daughter, helping care for her children. Ramirez could see defendant through the peephole or a window in the door, and she recognized his voice.

The trial court found that while Ramirez was sometimes seemingly evasive and unsure in her testimony, she was credible when she testified that she saw defendant outsider her door on September 5 and September 16. Given the existing restraining order, the trial court found defendant had violated probation. The trial court sentenced defendant to an aggregate term of five years in state prison.

## DISCUSSION

The court may revoke and terminate probation, "if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation . . . officer or otherwise that the person has violated any of the conditions of his or her [probation]." (§ 1203.2, subd. (a).) "The standard of proof in probation revocation proceedings is proof by a preponderance of the evidence." (*People v. Stanphill* (2009) 170 Cal.App.4th 61, 72; see *People v. Rodriguez* (1990) 51 Cal.3d 437, 443.) The trial courts have very broad discretion in determining whether a probationer has violated probation, and only in extreme cases should an appellate court interfere with that broad discretion. (*Rodriguez*, at p. 443.)

Where the trial court resolves conflicting evidence to determine whether a probationer willfully violated probation, review on appeal is based on the substantial evidence test. (*People v. Kurey* (2001) 88 Cal.App.4th 840, 848.) "Under that standard, our review is limited to the determination of whether, upon review of the entire record, there is substantial evidence of solid value, contradicted or uncontradicted, which will support the trial court's decision." (*Ibid.*) We find there is substantial evidence supporting the trial court's findings that defendant violated his probation.

3

In September 2013 there was a restraining order in place that required defendant to stay 100 yards away from Ramirez and her residence. Defendant was aware of this order. Ramirez and Dominquez lived together on and off. In March 2013, also in violation of a restraining order, defendant went to Dominquez's home and Ramirez was there. In September 2013 Ramirez was staying with her daughter, helping care for Dominguez and defendant's children. Sometimes Dominguez lived with Ramirez at Ramirez's apartment and sometimes Ramirez lived with Dominguez at Dominguez's apartment. The two incidents here took place within 11 days of each other, where defendant went to an apartment and Ramirez was there. Given that defendant was also the father of Dominguez's children, the long-term nature of his relationship with Dominguez, and the close proximity of the apartments, it was reasonable for the trial court to infer that defendant was aware of the child care arrangements for his children and, specifically, that Ramirez was staying with Dominquez, caring for their children, and would be at the apartment.

Defendant relies on *People v. Galvan* (2007) 155 Cal.App.4th 978, 982 and *People v. Zaring* (1992) 8 Cal.App.4th 362, 375-379 to argue there was insufficient evidence he willfully violated the order. Neither advances his position. Those cases address the concept of "willfulness" in circumstances where it was physically impossible for a probationer to comply with the conditions of probation due to circumstances beyond the probationer's control. Here, it was not impossible for defendant to comply with the conditions of probation due to circumstances beyond his control. If defendant wanted to visit his children or Dominguez, all defendant had to do was call Dominguez and ask if Ramirez was staying with her and the children. If so, he could avoid that location and make other arrangements. This is not an unreasonable burden to place on defendant to ensure compliance with the restraining order.

On the record before us, we find there was sufficient evidence to support the trial court's finding that defendant willfully violated his probation.

4

## DISPOSITION

The judgment is affirmed.

                                                    RAYE                    , P. J.

We concur:

          NICHOLSON          , J.

          BUTZ              , J.