Filed 7/7/15  P. v. Gonzalez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>SALVADOR NAVARRO GONZALEZ,<br><br>　　Defendant and Appellant. | 2d Crim. No. B259768<br>(Super. Ct. No. 2012024905)<br>(Ventura County) |

　　　　　　Appellant Salvador Navarro Gonzalez appeals from the order revoking his probation.  (Pen. Code, § 1203.2, subd. (a).)[1]  He contends that the trial court abused its discretion in finding he violated probation by failing to pay his state restitution fund fine (fine).  We conclude that substantial evidence supports the trial court's finding and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

　　　　　　In 2012, appellant pleaded guilty to a violation of section 290.012, subdivision (a), for his failure to update his sex offender registration, and admitted he had served a prior prison term (§ 667.5, subd. (b)).  The trial court suspended the imposition of sentence, placed appellant on three years' probation and ordered him to pay a $240 fine to the state restitution fund.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

In February 2013, appellant admitted that he violated probation by failing to pay his $240 fine, among other things. The trial court revoked and reinstated his probation, including the conditions that he pay the fine, and serve 60 days in jail. On July 11, 2014, the prosecution charged appellant with violating probation by failing to pay his fine. During probation violation proceedings, the parties stipulated that the court could consider the probation officer's report in lieu of her testimony. The court admitted and reviewed the report.

Appellant testified that he was 79 years old, and had lived "at the mission," without charge, for "about six years." He had not had a full-time job for about four years. He looked for a job but received no offers. He earned some money by "gathering cans." He had no money to pay for the fines and fees that the court ordered him to pay. On cross-examination, appellant admitted having told his probation officer that he was "refusing to pay for [a fine imposed as a condition of probation] and . . . the government should pay if the government [was] requiring [him] to be assessed."

Appellant's counsel argued that the trial court should not find appellant in violation of probation because he lacked the ability to pay the restitution fund fine. She stressed that appellant had no job and was over 70 years old. In arguing that appellant violated probation, the prosecution reminded the court that appellant not only failed to pay his fine, but also failed to seek a stay or contact the probation officer regarding his financial situation.

The trial court found that appellant violated probation because he "had the ability to pay *something* over the last couple years and *nothing* [had] been paid."[2] (Italics added.) The court summarily revoked his probation, sentenced appellant to three days in county jail and granted him credit for three days' time served. At the request of counsel, the court stayed any future fine and fee payments until March 1, 2015. The court also

---

[2] At oral argument, appellant's counsel argued that the trial court made inconsistent findings regarding his ability to pay. We disagree. The court made just one finding regarding appellant's ability to pay--that he had the ability "to pay something."

2

expressed its hope that appellant "might be able to make payments in the future" with "some time to try and collect some funds."

## DISCUSSION

We apply the substantial evidence standard when reviewing the trial court's finding of a probation violation.  (*People v. Kurey* (2001) 88 Cal.App.4th 840, 848.)  A probation violation must be proved by a preponderance of the evidence.  (*People v. Rodriguez* (1990) 51 Cal.3d 437, 441; *Jones v. Superior Court* (2004) 115 Cal.App.4th 48, 60.)

The trial court did not abuse its discretion in that finding appellant violated probation by failing to pay the $240 restitution fine.  Substantial evidence supports its finding.  Appellant testified that he earned some money by collecting cans.  He did not dispute the evidence that he not only failed to pay the fine, but also failed to contact the probation officer to discuss his financial situation, or seek additional time to pay the fine.

## DISPOSITION

The judgment (order revoking probation) is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J.

3

David M. Hirsch, Judge

Superior Court County of Ventura
_____

Stephen P. Lipson, Public Defender, William Quest, Sr., Deputy Public Defender, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Rama R. Maline, Deputy Attorney General, Michael Olson, Certified Law Student under the supervision of Marc Kohm, Deputy Attorney General, for Plaintiff and Respondent.