Filed 8/27/20  P. v. Christie CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D076272 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD274207) |
| JEFFREY CHRISTIE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Melinda J. Lasater, Judge.  Affirmed.

Heather L. Beugen, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Robin Urbanski and Mary Katherine Strickland, Deputy Attorneys General, for Plaintiff and Respondent.

## BACKGROUND

On November 10, 1994, defendant was convicted of lewd or lascivious acts with a child aged 14 or 15, in violation of Penal Code[1] section 288, subdivision (c), and orally copulating a child under the age of 16 in violation of section 288, subdivision (b)(2). As a result, he was ordered to register as a sex offender for life in California. He was required to register on his birthday, October 16, 2017. He did not do so. Officers telephoned defendant on October 19, 2017, to remind him to register. They learned he was no longer living at the address they had for him. He had not notified law enforcement of the change in his residence. Defendant was arrested on November 9, 2017, for failing to register.

On January 3, 2018, defendant entered a plea of guilty to two counts of failing to register as a sex offender. (§ 290.018 subd. (b)). He also admitted that he had two strike priors. (§§ 667, subds. (b)-(i), 1170.12, & 668.)

The court at sentencing on September 7, 2018, dismissed defendant's two strike priors pursuant to section 1385. Defendant was placed on formal probation for 18 months. One of his conditions of probation was a requirement to "report to the [probation officer] as directed."

Following a contested hearing on April 30, 2019, the trial court revoked defendant's probation after finding he failed to report to probation as directed. Defendant was sentenced to two years in state prison.

Defendant filed a timely notice of appeal.

## ANALYSIS

Defendant's sole contention on appeal is that there was insufficient evidence to revoke his probation. We disagree.

---

[1] Further statutory references are to the Penal Code.

Proof of a violation of probation is sufficient if it is demonstrated by a preponderance of the evidence.  (*People v. Rodriguez* (1990) 51 Cal.3d 437, 446 (*Rodriguez*).)  Reviewing courts must give deference to the trial court and resolve all inferences in favor of the judgment.  (*People v. Kurey* (2001) 88 Cal.App.4th 840, 848–849.)  We review the trial court's findings for an abuse of discretion.  (*Rodriguez,* at p. 443.)

On April 30, 2019, the trial court reviewed its file and determined defendant's probation had been revoked and reinstated on November 29, 2018, for failing to report to probation, as required.  On that day the trial court ordered defendant to report to the Hall of Justice within 72 hours of his release from custody.

On December 4, 2018, defendant reported to the Hall of Justice and met with San Diego County Probation Officer Eduardo Ortuno.  Officer Ortuno at that time gave defendant a letter explaining his obligation to report to the probation office.  The trial court received the letter as Exhibit 1.  The letter required defendant to call the probation office at a specific telephone number within the following 14 days to find out the name of his probation officer.  Upon receiving this information, he was required to immediately contact that officer.  The letter which he signed, and which incorporated these requirements, further noted that if he did not comply, a warrant would be issued for his arrest.  There was no evidence before the trial court establishing defendant actually complied with the requirements.  Although defendant solicited from Officer Ortuna that other probation officers are required to, but might not, enter their contact notes, Officer Ortuna testified that he puts in notes "every time."  He had no notes related to any attempt by defendant to contact him, or anyone else.

Based on the record before us, we conclude the trial court's revocation of defendant's probation is supported by substantial evidence that defendant willfully violated the terms of probation. The evidence demonstrating such a showing was well beyond the preponderance of the evidence standard.

## DISPOSITION

The judgment is affirmed.

BENKE, Acting P. J.

WE CONCUR:

O'ROURKE, J.

AARON, J.

4