Filed 9/15/20  P. v. Hupp CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E072466 |
| v. | (Super.Ct.No. RIF1311088) |
| PAUL HOWARD HUPP, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Burt Pines, Judge. Affirmed.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel, Tami Hennick and Genevieve Herbert, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Paul Hupp challenges the trial court's finding that he violated his felony probation. The trial court made the finding after presiding over a trial in which the jury found him guilty of two misdemeanors—assault with a deadly weapon and violating a restraining order—based on evidence he drove his car extremely close to his neighbor (who had a restraining order against him) to scare and harass the neighbor. One of the conditions of Hupp's probation was that he obey all laws.

On appeal, Hupp argues we must reverse the probation violation finding because there was insufficient evidence he committed assault with a deadly weapon. Specifically, he claims there was no evidence he knew that his conduct—driving very close to his neighbor—was, by its nature, likely to result in the application of force. But the assault was one of two independent bases supporting the court's finding, and Hupp does not argue there was insufficient evidence he violated the neighbor's restraining order. Because the record contains ample evidence he violated the restraining order, we affirm.

**I**

**FACTS**

In May 2013, the trial court placed Hupp on felony probation for a term of five years after a jury found him guilty of four offenses—stalking, stalking with a court order in effect, making a criminal threat, and disobeying a court order. One of the probation terms was that he "obey all laws."

After the driving incident at issue here, which happened in July 2017, the Riverside County District Attorney charged Hupp with one count of misdemeanor assault

with a deadly weapon (an automobile) (Pen. Code, § 245, subd. (a)(1), unlabeled statutory citations refer to this code), one count of misdemeanor violating a court order (§ 166, subd. (a)(4)), and alleged he had violated his felony probation by failing to obey the law.[1]

At trial, both Hupp and the neighbor acknowledged they did not have a good relationship. The neighbor said they had been living next door to each other since 2004, but their relationship didn't really sour until 2012, when Hupp began walking his dogs across his yard. According to the neighbor, who is in his late 70s, Hupp was hostile towards him on several occasions in the years that followed. For example, in the fall of 2012, after he told Hupp to leash one of his dogs, Hupp called him an asshole and said he would bust his jaw and knock his teeth down his throat. In 2014, he was working in his front yard when Hupp drove by, flipped him off, said "Fuck you, asshole," and threatened again to knock his teeth down his throat.

Perhaps unsurprisingly, the two men disagreed about where the dividing line between their properties stood. The dispute culminated in June 2017, when the neighbor placed marker flags in their shared lawn to delineate the disputed property boundary. Someone took the flags down and left them in the neighbor's yard and then took them down again when he repositioned them. When he confronted Hupp about the flags, Hupp made a crying motion with his hands and said, "Come over here, you know what I'll do to you." The neighbor checked the recordings from his security cameras and, sure

---

[1] The information isn't in the appellate record so we take our description of the charges against Hupp from the parties' briefs.

enough, they contained footage of Hupp crumpling the flags and throwing them on his driveway.

After the incident with the flags, the neighbor obtained a temporary restraining order against Hupp, and served him with the order on July 7, 2017. Among other things, the restraining order prohibited Hupp from harassing, assaulting, intimidating, or disturbing the peace of, the neighbor and his wife.

The driving incident occurred 10 days later, on July 17, 2017. The jury heard both the neighbor's and Hupp's version of the story and saw the footage recorded on the neighbor's security camera, which we have also watched. The footage shows the neighbor's front yard from the vantage point of the house, looking onto the street. As is common in gated communities and tract developments, the street has no sidewalk area, just rounded curbing that slopes into the asphalt. In the video, the neighbor appears to be sweeping his curb when Hupp's car appears on the left side of the screen. Hupp is driving close to the curb, and he stays his course as he drives past the neighbor, very nearly hitting him. The neighbor spins around and looks surprised as Hupp drives off.

The neighbor told the jury the incident had scared him. He said he felt a rush of air then noticed Hupp's car "very, very close" to him and had to jump out of the way to avoid being hit. He estimated the passenger side mirror of Hupp's car came within an inch or two of the right side of his body. Hupp continued to drive on; he didn't make any effort to apologize or check on him.

4

Hupp told the jury he had not meant to hit or scare the neighbor. He admitted he had seen the neighbor by the curb when he pulled out of his driveway, but said he didn't notice he'd almost hit him because he was distracted by his rambunctious dog in the backseat and another car that was approaching a nearby intersection.

The jury found Hupp guilty of both misdemeanor assault with a deadly weapon and misdemeanor violating a restraining order, and the trial court found the probation violation allegation true by a preponderance of the evidence. The court said it found the neighbor a credible witness and disbelieved Hupp's testimony that he didn't mean to drive so close to him. It found that Hupp did not intend to *hit* the neighbor with his car but did intend to *intimidate or scare* him. It also found Hupp should reasonably have known that his driving so close to the neighbor would directly and probably result in the application of force, making his act an assault with a deadly weapon. The court also found Hupp had violated the restraining order because his act of "driving so close to [the neighbor] with a several-thousand-pound automobile constituted physical abuse, intimidation, a threat, an assault, harassment, and disturbing the peace of [the neighbor]." Finally, based on its finding that Hupp had "committed two violations of California law," the trial court found Hupp had violated the term of his probation requiring him to obey "all laws."

At Hupp's sentencing hearing, the court made clear that the restraining order violation, not just the assault with a deadly weapon, constituted a probation violation because "[u]sing an automobile to scare, harass, or frighten somebody is not acceptable."

5

For the probation violation, the court revoked Hupp's current probation, imposed a new five-year probation term, and ordered him to spend 90 days in jail and complete an anger management program. For each of the two misdemeanor convictions, the court sentenced Hupp to three years' probation with 90 days in jail, to run concurrently with the sentence for the probation violation; however, the court stayed the sentence for the restraining order conviction under section 654 because it was based on the same act and criminal objective as the assault.

Hupp timely appealed the court's finding that he violated his felony probation.

## II

## ANALYSIS

A trial court may revoke probation if, "in its judgment, [it] has reason to believe . . . that the person has violated any of the conditions of their probation" and revocation is in the "interests of justice." (§ 1203.2, subd. (a).) The prosecution bears the burden of proving an alleged probation violation by a preponderance of the evidence. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 447.) On appeal, we review a challenge to the sufficiency of the evidence supporting a probation violation finding under the substantial evidence test. (*People v. Kurey* (2001) 88 Cal.App.4th 840, 848.) "Under that standard, our review is limited to the determination of whether, upon review of the entire record, there is substantial evidence of solid value, contradicted or uncontradicted, which will support the trial court's decision. . . . [W]e give great deference to the trial court and

6

resolve all inferences and . . . all conflicting evidence . . . in favor of the decision." (*Id.* at pp. 848-849.)

Here, Hupp challenges the sufficiency of the evidence to support only one of two independent bases for the court's probation violation finding—the assault. The People rightly make this point in their brief and ask us to affirm the finding. They argue Hupp cannot demonstrate reversible error by attacking only one of two independent grounds for the trial court's decision. In his reply brief, Hupp doubles down on his challenge to the assault only. He argues that because both convictions were based on the *same conduct* (driving his car extremely close to his neighbor), if we conclude he didn't commit an assault then we must also necessarily conclude he didn't violate the restraining order—at which point the probation violation finding cannot stand.

Hupp's logic is flawed. Assault with a deadly weapon and violating a court order are different crimes with different elements. Conduct that may be harassing—and therefore violate a restraining order—may not also rise to the level of an assault with a deadly weapon. Thus, regardless of whether there's sufficient evidence to support the assault conviction (and the People argue there is), the record unquestionably contains sufficient evidence to support the conviction for violating a court order.

Under section 166, subdivision (a)(4) the "[w]illful disobedience of the terms as written of any process or court order" is a misdemeanor. At trial, the parties stipulated that 10 days before the incident, Hupp had been served with a lawful restraining order containing a long list of prohibited actions, including harassing, assaulting, or

intimidating the neighbor, or otherwise disturbing his peace. The court heard and watched the evidence regarding the incident and, based on that evidence, found Hupp had intentionally driven his car close to the neighbor to scare and harass him. Such conduct unquestionably violates the restraining order. Whether the conduct also constitutes assault with a deadly weapon is immaterial to the issue on appeal—whether the probation violation finding is supported by substantial evidence. Although a violation of section 166 may not carry the same stigma as a violation of section 245, section 166 is still a California law, and by breaking it, Hupp breached the terms of his probation.

### III

### DISPOSITION

We affirm the probation violation finding.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH
J.

We concur:

RAMIREZ
P. J.

MILLER
J.

8