Filed 2/8/21  P. v. Grimes CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>CARL ANTHONY GRIMES,<br><br>        Defendant and Appellant. | A158711<br><br>(San Mateo County<br>Super. Ct. No. 18-SF-009027 |

Appellant Carl Anthony Grimes appeals from the trial court's order sentencing him to state prison after finding he had violated the terms of his probation.  Appellant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), identifying no issues and requesting that this court review the record and determine whether any arguable issue exists on appeal.  Having done so, we affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  The Underlying Conviction And Sentencing

We take the underlying facts from our prior unpublished decision in the appeal taken from appellant's conviction.  (*People v. Grimes* (Oct. 9, 2020, A156735) [nonpub. opn.] [hereafter *Grimes I*].)[1]  The victim, T. Doe,[2] had been

---

[1] On our own motion, we take judicial notice of our opinion in *Grimes I*.

[2] The victim was referred to by a fictional last name at trial.

1

in a long-term relationship with appellant and they have three children together. The relationship was unstable. Arguments about Doe's alleged infidelity were a "common occurrence" and appellant threatened Doe on multiple occasions, including by telling her he would put her "six feet in the ground." He sometimes became physically violent. After appellant moved out of the family home in July 2017, the parties resumed an uneasy relationship. Six days a week, appellant transported Doe to and from her two workplaces while monitoring her movements through an online application that the parties had installed on their cell phones.

On July 27, 2018, Doe was speaking with a male coworker as she waited for appellant to pick her up from her first job. Appellant arrived and accused the coworker of trying to kiss her. Appellant yelled at Doe during the drive to her second job and made threatening remarks. She felt afraid for her physical safety. After her shift, she hid under a blanket in the back seat of a coworker's car and spent the night at another coworker's apartment. That night, appellant left a series of 15 threatening voicemails on her cell phone, telling her at that she "need[ed] to be put out [of her] fucking misery" and that he would be waiting for her at her job the next morning. When Doe arrived at work that morning, appellant approached and grabbed her, pushing her along the sidewalk. Doe's coworkers intervened and appellant released her.

In February 2019, an amended information was filed charging appellant with making a criminal threat (Pen. Code,[3] § 422, subd. (a); count 1), misdemeanor infliction of domestic corporal injury (§ 273.5, subd. (a); count 2), and misdemeanor false imprisonment (§ 236; count 3). At trial, a jury found appellant guilty of all counts.

---

[3] All further undesignated statutory references are to the Penal Code.

At sentencing in March 2019, the trial court imposed the upper term of three years on the criminal threat conviction, suspended execution of sentence, and placed appellant on three years' supervised probation. The court instructed appellant that he was to have no contact with Doe and issued a 10-year protective order. As a condition of probation, the court ordered appellant to serve six months in county jail, with 93 days of credit for time served.[4] Appellant filed an appeal from the judgment and we affirmed. (*Grimes I, supra,* A156735.)

## B. The Probation Violation

In May 2019, appellant's probation officer filed an "Affidavit of Probation Violation" alleging that appellant had violated the previously issued protective order on May 7 and 8, 2019. The officer recommended that his probation be revoked.

At the August 2019 contested probation violation hearing, Doe testified that she had been notified of appellant's release from jail in April 2019. On May 7, 2019, she was leaving her apartment complex in South San Francisco when she noticed appellant standing across the street. He did not attempt to make contact with her. The following day, Doe and appellant attended a family court hearing in Redwood City. After the hearing, she drove to her apartment. About two hours later, she drove to the Tanforan Mall to go shopping. As she sat in her parked car, she heard appellant's voice and saw him approaching. He came within 10 feet of her car door and said, "What is this all about? I was in jail for ten months because of you without no reason." She told him to leave her alone or she would call the police. He responded, "I

---

[4] The trial court also imposed a consecutive one-year county jail term for infliction of domestic corporal injury, with 364 days of credit for time served, and a concurrent six-month county jail term for the conviction for false imprisonment.

3

know where to find you and you are going to get what's coming to you," before walking away.

Appellant testified that on May 8, 2019, he had gone to court for a hearing on Doe's request for a family law restraining order. Following the hearing, he took a bus to the Tanforan Mall. After visiting a store adjacent to the mall, he went to a nearby Starbucks for coffee before taking a bus to his residence. He denied seeing Doe or having any contact with her at the mall.

Deputy Probation Officer Theresa Dah testified that she called appellant on May 14, 2019 to schedule an initial probation appointment for that afternoon. After their conversation, Officer Dah called Doe to introduce herself. Doe informed her that appellant had violated the protective order. When appellant arrived for his appointment, Officer Dah arrested him. He spontaneously denied having violated the protective order.

At the conclusion of the hearing, the trial court rejected the probation violation allegation based on the May 7 incident but found "sufficient evidence" that appellant had violated the terms of his probation based on the May 8 incident. The court focused on the fact that appellant's own testimony put him in the location where Doe said the violation had occurred. The court also found Doe's testimony to be credible, noting she had not embellished her account of the May 7 incident. The trial court terminated probation, imposed the previously-suspended three-year term on the criminal threats count, and determined and awarded a total of 549 presentence custody credits. The court also imposed a $300 restitution fund fine, along with a $300 parole revocation fine that was stayed pending successful completion of parole. This appeal followed.

4

## II.  DISCUSSION

We appointed counsel to represent appellant in this appeal.  After an examination of the record, counsel filed an opening brief requesting that the court make an independent review under *Wende, supra,* 25 Cal.3d 436. Appellant was advised by his attorney of the opportunity to file a supplemental brief with this court, but he has not done so.

We have reviewed the entire record as described above and are satisfied that appellant's counsel has fully complied with his responsibilities and that no arguable issue exists.  (*Wende, supra,* 25 Cal.3d at p. 443; *People v. Kelly* (2006) 40 Cal.4th 106, 126.)  Substantial evidence supports the trial court's August 2019 finding that appellant violated the terms of his probation (*People v. Kurey* (2001) 88 Cal.App.4th 840, 848-849).  Nor was it an abuse of discretion to revoke his probation.  (*People v. Rodriquez* (1990) 51 Cal.3d 437, 443.)  The abstract of judgment accurately reflects the court's sentencing ruling.

## III.  DISPOSITION

The judgment is affirmed.

_____

SANCHEZ, J.

We concur.

_____

HUMES, P.J.

_____

BANKE, J.

(A158711)