Filed 5/4/21  P. v. Kaye CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>BRYAN EDWARD KAYE,<br><br>    Defendant and Appellant. | G058606<br><br>(Super. Ct. No. 17CF1977)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Richard J. Oberholzer, Judge.  (Retired judge of the Kern County Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed and remanded with directions.

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Natasha Cortina and Melissa Mandel, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Appellant Bryan Edward Kaye was charged with two felony counts related to threatening a public official, with an allegation Kaye previously had been convicted of a serious strike felony. After the trial court reduced the felony counts to misdemeanors, Kaye pleaded no contest to the charges. The court placed Kaye on five years informal probation on condition Kaye serve six months in custody or perform community service. The court set a revocation hearing when Kaye failed to report for community service.

At the hearing, Kaye orally moved for a continuance to secure new counsel, claiming his lawyer had not told him about his community service option. The trial court denied Kaye's request and allowed him to either represent himself or proceed with his attorney. After proceeding with counsel, the court found Kaye had willfully violated probation, remanded him to fulfill his jail confinement condition, and reinstated Kaye's other original probation terms.

Kaye contends the trial court violated his Sixth Amendment right to counsel when it denied his continuance request and challenges the sufficiency of the evidence to support the court's finding he willfully violated probation. Kaye also asserts newly enacted Assembly Bill No. 1950 (2019-2020 Reg. Sess.); (Assem. Bill 1950), amending Penal Code section 1203.1, subdivision (a), applies retroactively to reduce his probation term to one year. The Attorney General agrees the new law applies retroactively but argues the prosecutor should be entitled to withdraw from Kaye's plea on remand.

We retroactively apply Assem. Bill 1950 and conclude Kaye has completed his probation. We reject Kaye's remaining contentions and remand with instructions to discharge Kaye from probation. We affirm the judgment in all other aspects.

I

FACTS AND PROCEDURAL HISTORY

In 2017, the Orange County District Attorney's Office charged Kaye with felony counts of threatening a public official and related parties (Penal Code, § 76, subd.

2

(a)(1); all further undesignated statutory references are to the Penal Code), and threatening to commit a crime that would result in death or great bodily injury to the official. (§ 422.) The complaint also alleged Kaye previously had been convicted of a serious strike felony. (§§ 667, subds. (a)(1), (d) & (e)(1)), 1170.12, subds. (b) & (c)(1).)

In June 2018, the trial court reduced the felony counts to misdemeanors and dismissed the prior conviction allegation. Kaye then pleaded no contest to the misdemeanor charges. Specifically, with his retained counsel's approval, Kaye signed a *Tahl*[1] plea form memorializing his "plea to [the] court." The court placed Kaye on informal probation for five years, conditioned on Kaye receiving mental health services and serving 180 days in custody, with authorization to apply for "home confinement" as an alternative.

After Kaye failed to qualify for home confinement, the trial court modified Kaye's probation terms so he could perform 90 days of community service in lieu of being jailed. The court ordered Kaye to file proof he completed community service by the end of July 2019.

Kaye failed to file proof he completed his community service by the deadline. Instead, his lawyer requested a six-month continuance, explaining Kaye had been in a car accident. The court denied the request and summarily revoked Kaye's probation. It issued a bench warrant and Kaye posted a bond the following day. On the day scheduled for Kaye's arraignment for violating probation, his counsel requested a continuance because Kaye's brother-in-law had just died. The court granted the request, but advised there would be no more continuances and ordered Kaye to be in court at his next scheduled hearing.

On the continued arraignment date, September 6, 2019, Kaye's counsel initially called the trial court clerk and advised Kaye would not be present because of

---

[1] *In re Tahl* (1969) 1 Cal.3d 122

3

health reasons. After the court ordered Kaye's bail bond forfeited, Kaye belatedly appeared and the court reinstated the bond. Through his counsel, Kaye denied violating probation and the court scheduled an evidentiary hearing 12 days later, on September 18.

At the hearing, Kaye orally requested a 30 to 45 day continuance to hire new counsel. Kaye claimed his retained counsel had failed to inform him about the trial court's community service probation condition and therefore had a conflict of interest in representing Kaye. The court denied Kaye's repeated continuance requests and, after asking Kaye several times if he wished to represent himself or have his lawyer continue to represent him, the following exchange ensued:

"[KAYE]: If I relieve [my counsel] today, I'm asking for a continuance.

"THE COURT: That will be denied because you've known about this case for some time and you've known about the date today for some time. You don't have an attorney. You haven't contacted any other attorney.

"[KAYE]: Yes, I have.

"THE COURT: Where is he or she?

"[KAYE]: It was very short notice from – what's today? The 18th – from the 6th to the 18[th]."

Following more discussion between the trial court and Kaye, his counsel asserted to Kaye: "I told you about the [community service]." Eventually, after a recess for Kaye and his attorney to confer, counsel advised he was "going to proceed with the hearing," and called Kaye to testify.

After hearing the evidence, the trial court found Kaye willfully violated his probation terms. The court vacated its earlier authorization for Kaye to perform community service, ordered Kaye to serve 180 days in custody, and reinstated Kaye's original probation terms.

II

DISCUSSION

*A. Reduction of Probation Duration Under Assem. Bill 1950*

After Kaye appealed the trial court's September 2019 probation revocation finding, he filed a supplemental brief to argue newly enacted Assem. Bill 1950 applied retroactively to reduce his probation period to one year. Because Kaye had been on probation more than a year, he argued the trial court should be instructed to immediately "discharge him from probation." The Attorney General agrees Assem. Bill 1950 applies retroactively to this case, but disagrees on "the proper [remand] remedy," arguing the prosecutor should be entitled to have the court "vacate [Kaye's] plea," if the parties and the court do not agree on new probation terms for Kaye.

Outside of exceptions not applicable here, Assem. Bill 1950, signed by the Governor in September 2020 (2019-2020 Reg. Sess.), reduced the maximum probation period for misdemeanor conviction to one year (§ 1203a [one-year general limit].) We agree with the parties Assem. Bill 1950 applies retroactively to this case because its enactment amended a statute to lessen punishment. (*In re Estrada* (1965) 63 Cal.2d 740, 745 ["the Legislature amend[ing] a statute so as to lessen [] punishment"]; *People v. Burton* (2020) 58 Cal.App.5th Supp. 1, 14-16 [concluding *Estrada* applies to nonfinal misdemeanor probation cases].)

We agree with Kaye applying Assem. Bill 1950 to the circumstances in this case results in the termination of his probation. Retroactive application of newly amended section 1203a, subdivision (a), requires a reduction of Kaye's initial five-year probation period to one year. Kaye's probation began in June 2018, when the trial court originally placed him on probation. Consequently, one year of Kaye's probation *retroactively* lapsed by June 2019, and the trial court no longer has jurisdiction to modify Kaye's probation. (§ 1203.3; *In re Barber* (2017) 15 Cal.App.5th 368, 372 ["once

5

probation expires, a court loses jurisdiction to make an order revoking or modifying" probation].)

Because the trial court's jurisdiction lapsed, we need not consider the Attorney General's contention the prosecutor should be entitled to rescind Kaye's no contest plea on remand based on the holding in *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*).  Notwithstanding, we note in passing the trial court did not base its probation grant in this case on a plea bargain between Kaye and the prosecution, which was the central factual premise in *Stamps*.  (*Stamps, supra,* 9 Cal.5th at p. 707 ["'the prosecutor is entitled to the same remedy as the defendant—withdrawal of assent to the plea agreement'"].)  The court instead granted probation under its own sentencing authority.  In sum, we apply Assem. Bill 1950 retroactively and conclude Kaye has completed probation.

*B. Kaye's Remaining Contentions Are Without Merit*

1.  Sufficient Evidence Supported the Court's Finding

We address Kaye's challenge to the trial court's finding he violated his probation because that finding impacts his ability to have his misdemeanor conviction dismissed under section 1203.4.  A trial court can revoke probation "'if the interests of justice so require and the court, in its judgment, has reason to believe . . . that the person has violated any of the conditions of his or her probation."  (*People v. Rodriguez* (1990) 51 Cal.3d 437, 440 [quoting § 1203.2, subd. (a)]; see *id*. at p. 439 [violation must be shown by a preponderance of the evidence].)  We review for substantial evidence, giving "'great deference to the trial court,'" and resolving "'all conflicting evidence'" and "'all inferences and intendments in favor of'" its decision.  (*People v. Buell* (2017) 16 Cal.App.5th 682, 687 (*Buell*), quoting *People v. Kurey* (2001) 88 Cal.App.4th 840, 848.)

The trial court found Kaye had been "aware of what was going on" and gave "no credibility to Kaye's statement that he did [not] know of . . . the conditions of

his probation." We are in no position to question the court's credibility determination in rejecting Kaye's claim he had been ignorant about the court's community service condition. It is undisputed Kaye did not comply with his community service and the reasonable inferences available from the evidence support the court's determination that Kaye's noncompliance was willful. (*Buell,* supra, 16 Cal.App.5th at p. 687.)

Kaye contends his lawyer's comment to the trial court the day after the court's willful violation ruling shows the evidence was insufficient as a matter of law. As Kaye characterizes it, his counsel "admitted" to the court that counsel's e-mail to Kaye advising him of the court's community service probation condition "had not gone through." Of course, this is not evidence the court considered at the earlier hearing. But even if we assume counsel's comment can be considered evidence that was properly before the court for its ruling, we note counsel's next statement in the record was "[w]e [i.e., Kaye and counsel] did speak about [community service]." In other words, counsel's statement is not the conclusive admission Kaye purports it to be. It simply does not prove he was ignorant of the condition allowing him to perform community service. Accordingly, it does not alter our conclusion substantial evidence supports the court's probation revocation ruling.

2. The Trial Court Did Not Err In Denying Kaye's Continuance Request

Finally, Kaye has not shown the trial court's denial of his request to continue the probation revocation hearing was an abuse of discretion and deprived him of counsel's assistance. "Continuances in criminal cases may only be granted for good cause" (*People v. Snow* (2003) 30 Cal.4th 43, 70, citing § 1050, subd. (e)) and, as questions of both statutory discretion and the constitutional right to counsel, a defendant who was "'unjustifiably dilatory'" in seeking a continuance cannot show a trial court erred in denying the defendant's request to delay the proceedings. (*People v. Courts* (1985) 37 Cal.3d 784, 790-791 (*Courts*); see *People v. Ortiz* (1990) 51 Cal.3d 975, 983 [a defendant's "right to discharge his retained counsel . . . is not absolute" and an untimely

7

motion can be denied as a "'disruption of the orderly processes of justice'" unreasonable under the case circumstances].)

The parties agree *Courts, supra,* 37 Cal.3d 784 applies to this case. There, the California Supreme Court decided "whether [a] trial court abused its discretion when it refused to grant a continuance to permit him to be represented by an attorney he retained approximately one week before trial." (*Id*. at p. 787.) Eight days before trial, the defendant's appointed "public defender informed the court that [the defendant] wanted a continuance in order to hire private counsel." (*Ibid*.) The defendant's proposed new counsel appeared and declared his "willingness to represent" the defendant if the court granted a continuance. (*Id*. at p. 788.) Notwithstanding, the court denied the defendant's continuance request.

The high court reversed, concluding "the trial court's failure to grant a continuance constituted an abuse of discretion in the face of [the defendant]'s well-documented desire to be represented by private counsel and counsel's willingness to undertake that task." (*Id*. at p. 789.) The *Courts* majority emphasized the timeliness of the defendant's continuance request. In examining whether defendant was "'unjustifiably dilatory,'" the majority noted a "sharp[] contrast[]" between the actual existence of an attorney-client relationship with proposed counsel at the time of the defendant's continuance request and other cases where there had only been a "speculative" possibility of such a relationship. (*Id*. at p. 791, fn. 3.)

Kaye acknowledges a trial court may deny a continuance request made by an "unjustifiably dilatory" defendant, but he has not shown why the rule does not apply here. (*People v. Beames* (2007) 40 Cal.4th 907, 920 [appellant bears the burden of persuasion].) Kaye first requested a continuance of his probation revocation hearing on the day it was set to be conducted and he has not shown he took any steps to retain new counsel in the time leading up to the hearing. The circumstances do not present the same "diligent effort . . . *before* the scheduled [hearing] date." (*Courts*, *supra*, 37 Cal.3d at

8

p. 791.)  In contrast, the record shows Kaye waited until the day of the hearing to ask for a continuance.  In other words, *Courts* does not support Kaye's contention the trial court erred in in denying his last-minute request for more time.

## III

### DISPOSITION

The matter is remanded with the following instructions: Kaye's probation is reduced to a one-year period and deemed completed.  Given the trial court has "los[t] jurisdiction to make an order revoking or modifying" probation, (*In re Barber, supra,* 15 Cal.App.5th at p. 372 [citing section 1203.3 and case law]), Kaye is entitled to a discharge per section 1203.3, subdivision (b)(3).  The judgment is affirmed in all other aspects.


ARONSON, ACTING P. J.

WE CONCUR:


IKOLA, J.


THOMPSON, J.

9