Filed 6/16/23  P. v. Alvarado CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079827 |
| v. | (Super.Ct.No. FVI21001411) |
| HECTOR MANUEL ALVARADO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Shannon L. Faherty, Judge.  Affirmed.

Mi Kim, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Kathryn Kirschbaum, Deputy Attorneys General, for Plaintiff and Respondent.

1

## INTRODUCTION

Pursuant to a plea agreement, appellant and defendant Hector Manuel Alvarado pled guilty to one count of unlawful possession of ammunition. (Pen. Code,[1] § 30305, subd. (a)(1).) The court suspended execution of sentence and placed him on two years' probation under certain terms, including the requirement that he report to his probation officer as directed. The court subsequently revoked his probation for failing to report, and it sentenced defendant to the originally imposed sentence of three years in state prison.

On appeal, defendant contends: (1) the court abused its discretion in revoking his probation since there was insufficient evidence to establish he willfully failed to report to the probation officer; (2) the evidence presented at the hearing suggested the court's failure to reinstate him on probation was based on erroneous information or "an erroneous evaluation of the need to revoke"; and (3) the improper revocation of his probation violated his constitutional right to due process. We disagree and affirm.

## PROCEDURAL BACKGROUND

On October 26, 2021, defendant entered a plea agreement and pled no contest to one count of unlawful possession of ammunition. (§ 30305, subd. (a)(1).) The court sentenced him to three years in state prison, but suspended execution of sentence and placed him on two years' probation under specified terms, including that he report to the probation officer immediately or upon release and thereafter as directed.

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

2

On February 18, 2022, the San Bernardino County Probation Department (the probation department) filed a petition for revocation of probation (the petition), alleging that defendant violated his probation by failing to report to the probation officer as directed. The petition alleged that on November 2, 2021, defendant reported to the probation office for orientation. His probation terms were read and reviewed with him, and he signed a document acknowledging that he understood them. Defendant was directed to report to his probation officer monthly and to have meetings "via web" beginning December 2, 2021.

On November 18, 2021, defendant contacted the probation department to report that he was currently residing in Los Angeles County; however, he would be moving to San Diego County before December 1, 2021. At that time, defendant was directed to report to probation bi-weekly via telephone until further notice.

On November 30, 2021, defendant contacted the probation department to report that he would be residing in Los Angeles County due to finding stable employment and stable housing. He was directed to report to the Victorville Probation Office on December 2, 2021, to fill out a change of address form.

On December 2, 2021, defendant reported to the Victorville Probation Office as directed and updated his address to "1111 S Montebello Blvd., Montebello, California, 90640." He was directed to email a utility bill to start the transfer process for his case.

On January 19 and 24, 2022, attempts were made to contact defendant at his last reported telephone number; however, a message stated, "caller not accepting calls at this

3

time." The petition stated that defendant had made no attempts to contact the probation department.

On March 2, 2022, a bench warrant was issued for the defendant's arrest for failure to report. Defendant was arrested on July 2, 2022, in Orange County and taken into custody.

The probation department filed a supplemental report on September 9, 2022, and reported that defendant was interviewed via telephone while in custody. He admitted to the probation violation and said it was due to being in the hospital with Covid and other medical concerns. Defendant said he was in the hospital for about three months and, after being discharged, he was homeless in Los Angeles County and simply did not report to probation. Defendant said he was working in an autobody shop and did not have much money or transportation. He said he struggled with depression and used methamphetamine to cope. Defendant said he would like to be granted another opportunity to prove he could abide by the terms of his probation. The probation report reflected that defendant had a criminal history dating back to 1997, which included over 10 felony convictions and six misdemeanor convictions, and that he had previously been on probation and parole and had violated his parole. The probation officer stated that defendant was reporting to be homeless in Los Angeles County, which would make it difficult to properly supervise him and give him further excuses not to report. The officer noted that defendant appeared to be struggling with mental health and substance abuse problems but had failed to follow through with programs to address his needs. The probation officer opined that continued supervision was not a viable option and

4

recommended that the court impose the previously suspended term of three years in prison.

The court held a probation revocation hearing on September 9, 2022, and Probation Officer Cooper testified. She testified that defendant had been informed of the expectations of him while on probation and that he violated his probation by failing to report as directed. Cooper testified that defendant last reported to probation on December 2, 2021, and failed to report after that. She testified that the recommendation was to find defendant in violation of his probation and sentence him to three years in prison. On cross-examination, Cooper testified that defendant was not deserving of a second chance on probation because he had an extensive criminal history, and it was not his first time on probation (or parole), so he "[knew] very well what [was] expected on supervision." Furthermore, defendant had a couple of months to report or address the issue before the petition was submitted and the warrant was activated. Defense counsel asked Officer Cooper if she had considered "the troubles that [defendant] had finding housing," and she said yes. When asked if she found such consideration "sufficiently mitigating," she responded: "No. In the report it states that he found stable housing and employment. This is why we were trying to transfer the case to the county that he was residing in, so he could continue his career where he was living."

Defendant testified on his own behalf. He said the last time he reported to his probation officer in San Bernardino was in December 2021. When asked what happened after that, defendant said, "I was being transferred to L.A. County as I have no residence out here in San Bernardino or Victorville. I did give a home address [in Montebello]."

5

Defendant testified that shortly thereafter, he was admitted to the hospital with Covid and then caught colitis. He said he was in the hospital until April. After he got out of the hospital, defendant said he "was pretty much behind on [his] bills and [his] job was about to let [him] go so [he] worked and tried to get back on [his] feet with [his] family." On cross-examination, defendant testified that he was required to report to probation every month, and when asked how many times he failed to report, he said, "I guess the whole time because I was in the hospital."

The court found that defendant was in violation of his probation, and it sentenced him to the previously suspended term of three years in state prison.

## DISCUSSION

### I. There Was Sufficient Evidence to Support the Court's Finding that Defendant Willfully Violated Probation

Defendant contends the court abused its discretion in revoking his probation since there was insufficient evidence that he willfully violated the probation condition requiring him to report to probation monthly. He asserts that the evidence presented at the hearing showed he failed to report to probation from January through April 2022 because he was hospitalized, through no fault of his own. He claims the evidence also showed that after his release from the hospital, he became homeless because he got behind on his bills while hospitalized. We disagree.

A. *Relevant Law*

A probation violation must be willful to justify revocation of probation. (*People v. Rodriguez* (2013) 222 Cal.App.4th 578, 594, disapproved on other grounds in *People v.*

6

*Hall* (2017) 2 Cal.5th 494, 503, fn. 2; *People v. Galvan* (2007) 155 Cal.App.4th 978, 981-982; § 1203.2, subd. (a).) Proof of a probation violation by a preponderance of the evidence is sufficient to revoke probation. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 446.) Trial courts have broad discretion to determine whether a defendant has violated probation and whether, as a result, the court should revoke probation. (*Id.* at pp. 443, 445; *People v. Kelly* (2007) 154 Cal.App.4th 961, 965.)

Moreover, where a defendant challenges the sufficiency of the evidence supporting a court's finding that a defendant has violated probation, and "where the trial court was required to resolve conflicting evidence, review on appeal is based on the substantial evidence test. Under that standard, our review is limited to the determination of whether, upon review of the entire record, there is substantial evidence of solid value, contradicted or uncontradicted, which will support the trial court's decision. In that regard, we give great deference to the trial court and resolve all inferences and intendments in favor of the judgment. Similarly, all conflicting evidence will be resolved in favor of the decision." (*People v. Kurey* (2001) 88 Cal.App.4th 840, 848-849, fns. omitted (*Kurey*).)

B. *The Evidence Was Sufficient*

The evidence undisputedly showed that defendant failed to report as directed. He was initially directed to report to his probation officer monthly, and to have meetings "via web" beginning December 2, 2021. He subsequently informed the probation department that he was living in Los Angeles County but would be moving to San Diego County before December 1, 2021. At that time, he was directed to report to probation bi-weekly

7

via telephone, until further notice. On November 30, 2021, defendant reported that he would be staying in Los Angeles County, due to finding stable employment and housing, and he was directed to report to the Victorville Probation Office on December 2, 2021, to fill out a change of address form. He went as directed and updated his address, which was in Montebello. At the probation revocation hearing, Officer Cooper testified that defendant did not report to probation any time after that. She further testified that in light of his extensive criminal history and prior periods on probation, defendant knew "very well" what was expected of him.

The evidence also showed that the probation conditions were reviewed with defendant, and he acknowledged that he understood them. Defendant clearly knew of the requirement to report, as demonstrated by his compliance up until December 2, 2021. Further, at the hearing, defendant testified that he was required to report to probation monthly, and that the last time he reported was in December 2021.[2] When asked how many times he failed to report, he said, "I guess the whole time because I was in the hospital." Thus, defendant acknowledged his failure to report.

Defendant argues that he failed to report in San Bernardino County from January 2022 to April 2022 because he was hospitalized "through no fault of his own." In other words, he claims his failure to report was not willful since he was in the hospital. The People agree that circumstances were beyond defendant's control when he was in the

---

[2] Although it is not clear from the record if the requirement was to report monthly in person, "via web," and/or by telephone after December 2, 2021, it is clear that defendant failed to contact the probation department in any manner after that point.

8

hospital for Covid and colitis. However, they point out that after he left the hospital in April 2022, he was able to contact the probation department, but failed to do so. Defendant concedes that he failed to report to probation after his release from the hospital, but claims he "became homeless through no fault of his own because he got behind on his bills while hospitalized." He contends "it is undisputed that he was homeless." The record belies that claim. In support of his claim that he was homeless, defendant points to his testimony that he got behind on his bills while he was hospitalized. He testified that, after he got out of the hospital, he "was pretty much behind on [his] bills and [his] job was about to let [him] go so [he] worked and tried to get back on [his] feet with [his] family." Notably, defendant did not testify that he was homeless. In fact, when asked what happened after he last reported to probation in San Bernardino County, he testified: "I was being transferred to L.A. County as I have *no residence out here* in San Bernardino or Victorville. *I did give a home address*." (Italics added.) The probation report reflects that defendant reported to the Victorville Probation Office on December 2, 2021, and updated his address to "1111 S Montebello Blvd., Montebello, California, 90640." Thus, rather than show that he was homeless, the evidence indicated defendant lived in a home in Montebello.

In his reply brief, defendant points to a statement in the probation department's supplemental report which says, "After being discharged from the hospital he was homeless in Los Angeles County and simply did not report to probation." However, the probation officer was simply conveying what defendant said when he was interviewed. In context, the report states: "The defendant *admitted to the probation violation*. He

9

claimed it was due to being in the hospital for Covid and other medical concerns. *According to the defendant* he was in the hospital for approximately three (3) months. After being discharged from the hospital he was homeless in Los Angeles County, and simply did not report to probation. . . ." (Italics added.) To the extent the evidence in the supplemental report conflicted with the evidence showing that defendant had a home address and was not homeless, we must resolve conflicting evidence in favor of the trial court's decision. (*Kurey*, *supra*, 88 Cal.App.4th at p. 849 ["all conflicting evidence will be resolved in favor of the decision"].)

Moreover, the evidence shows that after defendant was released from the hospital in April 2022, he went back to work at his job. Since he was not arrested until July 2022, he had approximately three months to report to probation, but failed to, despite knowing he was required to do so and despite being able to work during that period.

We conclude that the evidence supported the trial court's conclusion that defendant willfully violated his probation.

II. *The Court's Decision Not to Reinstate Defendant on Probation Was Not Based on Erroneous Information or "An Erroneous Evaluation of the Need to Revoke"*

Defendant claims the evidence presented at the revocation hearing "suggests that the trial court's failure to reinstate probation was based on erroneous information or because of an erroneous evaluation of the need to revoke." He then argues that his hospitalization and subsequent homelessness mitigated his conduct (i.e., his failure to report), and the court abused its discretion in failing to reinstate him on probation. We disagree.

10

Defendant first asserts that Officer Cooper testified he (defendant) did not deserve a second chance at probation because " 'he had a couple of months to report or try to address this issue before the petition was filed' " on February 18, 2022.  Defendant then asserts that this testimony ignores his uncontradicted testimony that he was hospitalized during that period and was not released until April 2022.  While it is undisputed that he was hospitalized sometime after December 2021 until April 2022, there is no indication defendant tried to contact the probation department in any way during that time.  Moreover, he was released in April 2022 and was not arrested until July 2022.  Yet, he did not report to probation, despite there being no apparent reason for failing to do so.  (See § I, *ante*.)

Defendant also states that Officer Cooper testified she did not find his homelessness to be mitigating since the report stated, "he found stable housing and employment," which is why they were trying to transfer him to the county where he was residing.  Defendant points out that he "made [those] claims in November 30, 2021."  He appears to be arguing that the court based the revocation, in part, on this "erroneous information" that he had stable housing and employment.  However, as discussed *ante*, defendant testified that after being released from the hospital, he returned to work, in order to get back on his feet. He also confirmed that he gave the probation department his home address in Montebello.  (See § I, *ante*.)  Thus, the evidence indicated he did have stable housing and employment.

Defendant further argues that the record fails to show the trial court "considered any new or additional conditions of probation [that] may have assured [his] rehabilitation

11

. . . even though this was his first probation violation for failure to report to probation." Defendant does not cite any requirement for the court to consider new or additional probation conditions. Moreover, in view of his extensive criminal history, which includes numerous periods on probation and parole, defendant has been given many opportunities to rehabilitate. (See § I, *ante*.)

In light of defendant's willful violation of probation and criminal history, we cannot say the court abused its discretion in not reinstating him on probation.

### III. Defendant's Due Process Rights Were Not Violated

Finally, defendant contends the court violated his right to due process since its revocation of probation was not supported by the evidence. However, the court held a probation violation hearing; the People presented the testimony of the probation officer, defense counsel cross-examined her, and defendant testified on his own behalf. The evidence supported the court's finding that defendant willfully violated his probation, and it properly sentenced him to the previously imposed term. (See § I, *ante*.) Thus, defendant's due process rights were not violated.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


FIELDS_____
                                                    J.


We concur:


CODRINGTON_____
            Acting P. J.


RAPHAEL_____
            J.