Filed 9/25/25  P. v. Stephens CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JEFFERY DEAN STEPHENS,<br><br>    Defendant and Appellant. | A169698<br><br>(Contra Costa County<br> Super. Ct. No. 02003307642) |

Defendant Jeffery Dean Stephens appeals from a judgment executing his prison sentence after the trial court found he had violated a probation condition prohibiting him from consuming alcohol.  Stephens argues he received ineffective assistance of counsel, asserting that without defense counsel's questioning there was insufficient evidence of a probation violation. We affirm.

## I.  BACKGROUND

In December 2022, Stephens pled no contest to driving under the influence (DUI) of alcohol (Veh. Code,[1] § 23152, subd. (a); count 1) and driving with a blood alcohol content of 0.08 percent or more (§ 23152, subd. (b); count 2), committing both offenses within 10 years of a prior DUI (§ 23550.5).  He also pled no contest to sentencing enhancements and

---

[1] Undesignated statutory references are to the Vehicle Code.

1

admitted prior felony DUI convictions and aggravating circumstances. The trial court sentenced Stephens to the upper term of three years in prison, and it suspended execution of the sentence and placed Stephens on formal probation for five years, subject to various terms and conditions. The probation conditions prohibited him from possessing or consuming alcoholic beverages and required him to submit to alcohol detection tests as directed and to attend recovery meetings. Initially, Stephens was required to wear a SCRAM alcohol monitoring device. He was released from SCRAM in April 2023.

In July 2023, the probation department filed a petition to revoke probation alleging Stephens had violated probation by consuming alcohol. According to the petition, when Stephens met with his probation officer on July 5, 2023, he was under the influence of alcohol as evidenced by two breathalyzer samples "resulting in a .126 BrAC and .131 BrAC." The trial court revoked probation and issued a warrant for Stephens's arrest. At the probation revocation hearing conducted on July 19, 2023, the court ordered Stephens to be placed with a SCRAM device and released him from custody. The court did not rule on the petition. Instead, it continued the matter for 90 days.

In October 2023, and before the next hearing, the probation department filed a supplemental petition to revoke Stephens's probation, alleging that Stephens consumed alcohol on October 7 and 8, as confirmed by remote breath tests in which he "blew a BrAC of 0.019" and "a BrAC of 0.20." The trial court remanded Stephens into custody pending the probation revocation hearing.

On November 30, 2023, the trial court conducted the probation revocation hearing. The People called deputy probation officer Justin Badler

2

as a witness. Officer Badler testified to the following in response to the prosecutor's questioning: He had been a deputy probation officer for six years and supervised a DUI caseload, including Stephens. On July 5, 2023, Stephens reported to his office at 9:00 a.m. and he had Stephens take a breathalyzer test to determine whether he had consumed any alcoholic beverages. He was trained on how to perform breath tests using the breathalyzer and worked with it often. That day, the breathalyzer appeared to be in proper working order. Stephens breathed into the breathalyzer and the instrument provided "two results of .126 and .131."

During cross-examination, defense counsel asked Officer Badler, "When you met with Mr. Stephens that morning, was he showing signs of being under the influence?" Officer Badler replied, "He had watery eyes, and the breathalyzer test, and his admission to consuming alcoholic beverages." When defense counsel asked whether he remembered if Stephens "told [him] that he had consumed alcohol before taking the test," Officer Badler replied, "If I recall correctly, he told me he admitted after taking the test."

The parties also called witnesses to testify regarding the October 2023 alleged probation violations. The People called Kristi Sutton, a sheriff's specialist who monitors people under the SCRAM alcohol monitoring program. In October 2023, Stephens was on a remote breath device, which reads the person's breath samples and provides results of either zero or a number indicating the alcohol content. On October 7 and 8, Stephens had positive confirmations for alcohol, with "BrAC" results of 0.019 and 0.20. Stephens testified that he did not consume alcohol on October 7 or 8.

The trial court found a probation violation proven by a preponderance of the evidence that Stephens consumed alcohol on July 5, 2023, "as testified to by Officer Badler." The court declined to make findings as to the October

3

2023 alleged violations because of potential due process arguments. The court terminated probation and executed the previously suspended three-year prison sentence.[2]

## II. DISCUSSION

Stephens argues he received ineffective assistance of counsel at the probation revocation hearing. He contends that without defense counsel's questioning of Officer Badler, there was insufficient evidence of a probation violation on July 5, 2023.

Penal Code section 1203.2, subdivision (a), provides that the trial court "may revoke and terminate" probation "if the interests of justice so require and the court, in its judgment, has reason to believe . . . that the person has violated any of the conditions of their supervision." Trial courts have "very broad discretion" in determining whether a probationer has violated probation and thus " 'only in a very extreme case should an appellate court interfere with the discretion of the trial court in the matter of denying or revoking probation.' " (*People v. Rodriguez* (1990) 51 Cal.3d 437, 443.) An allegation of probation violation need only be proven by a preponderance of the evidence. (*Id*. at p. 447.)

A trial court's probation revocation order is reviewed for an abuse of discretion. (*People v. Butcher* (2016) 247 Cal.App.4th 310, 318.) The court's factual findings are reviewed for substantial evidence. (*Ibid*.) "Under that standard, our review is limited to the determination of whether, upon review

---

[2] In December 2024, the People moved to dismiss the appeal as moot on the ground that Stephens had completed his prison sentence and, therefore, this court could not provide relief. Stephens opposed the motion. This court denied the motion, determining the appeal was not moot because the trial court sentenced Stephens to up to three years of post-release community supervision following his release from prison.

of the entire record, there is substantial evidence of solid value, contradicted or uncontradicted, which will support the trial court's decision. In that regard, we give great deference to the trial court and resolve all inferences and intendments in favor of the judgment." (*People v. Kurey* (2001) 88 Cal.App.4th 840, 848–849, fn. omitted.)

"In order to demonstrate ineffective assistance, a defendant must first show counsel's performance was deficient because the representation fell below an objective standard of reasonableness under prevailing professional norms. (*Strickland v. Washington* (1984) 466 U.S. 668, 687–688 [104 S.Ct. 2052].) Second, he must show prejudice flowing from counsel's performance or lack thereof. Prejudice is shown when there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*People v. Williams* (1997) 16 Cal.4th 153, 214–215.) Both components of an ineffective assistance claim "are mixed questions of law and fact subject to our independent review." (*In re Gay* (2020) 8 Cal.5th 1059, 1073.) "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." (*Strickland*, at p. 697.) We, therefore, proceed to the prejudice issue.

We conclude that Stephens failed to demonstrate he was prejudiced by any assumed deficient performance by his counsel at the probation revocation hearing. Stephens contends that without Officer Badler's testimony elicited by defense counsel, there was insufficient evidence to find a probation violation. During direct examination, Officer Badler testified that on July 5,

5

2023, Stephens reported to his office. The prosecutor asked, "[D]id you ask him to perform any test to confirm whether or not he had consumed any alcoholic beverages?" Officer Badler replied, "Yes," and explained that he conducted a breathalyzer test which provided "results of .126 and .131." Stephens bases his challenge on the lack of any additional testimony regarding the breathalyzer results. He argues that Officer Badler did not testify about what the .126 or .131 results meant nor did he testify that, based on the results, he concluded that Stephens had consumed alcohol. The numbers could be anything, he asserts, such as "measurements of air volume flowing through the breath machine" or "[a]ir speed of the breath sample moving through the instrument." We reject Stephens's argument.

The trial court could reasonably conclude that the breathalyzer result numbers identified Stephens's breath alcohol content. Conditions of Stephens's probation, of which the court took judicial notice, included that he could not consume alcoholic beverages and had to submit to alcohol detection tests as directed. In the petition to revoke probation, dated the same day as the July 5, 2023 meeting, Officer Badler stated that Stephens had violated probation by consuming alcohol as demonstrated by the July 5 breathalyzer results. Officer Badler determined Stephens to be under the influence of alcohol "as evidenced by two breath samples into the Alco Sensor Intoximeter resulting in a .126% BrAC and .131% BrAC." At the hearing, Officer Badler's testimony demonstrated that he conducted the breathalyzer test to determine whether Stephens had consumed alcohol, and the results of that test were numbers other than zero. Based on the record, it is reasonable to infer that the breathalyzer result numbers to which Officer Badler testified were Stephens's breath alcohol content. (See *People v. Kurey*, *supra*, 88 Cal.App.4th at pp. 848–849 [we resolve all inferences and intendments in

6

favor of the judgment]; see also Evid. Code, § 600, subd. (b) ["An inference is a deduction of fact that may logically and reasonably be drawn from another fact or group of facts found or otherwise established in the action."].) Because they were not zero, the results indicated Stephens had consumed alcohol and, therefore, violated his probation conditions. In a probation revocation proceeding, an alleged violation need be proven only by a preponderance of the evidence and the trial court has broad discretion in determining whether a violation has occurred. (*People v. Rodriguez, supra*, 51 Cal.3d at pp. 443, 447.)

To agree with Stephens, we would have to conclude that the trial court found a probation violation only because it considered Officer Badler's testimony, elicited by defense counsel, that Stephens had watery eyes and admitted to consuming alcoholic beverages after taking the breathalyzer test. We cannot reach that conclusion. Therefore, there is not a reasonable probability that, without defense counsel's questioning, the result of the probation revocation hearing would have been different. (See *People v. Williams, supra*, 16 Cal.4th at p. 215.) Accordingly, Stephens failed to demonstrate ineffective assistance of counsel.

## III.   DISPOSITION

The judgment is affirmed.

_____

Langhorne Wilson, J.


WE CONCUR:


_____

Banke, Acting P. J.


_____

Smiley, J.


A169698/*People v. Stephens*